## PEOPLE v. DIPPOLD.

(Supreme Court, Appellate Division, Third Department. May 4, 1898.)

1. CRIMINAL LAW—GOOD CHARACTER—WEIGHT.
    Where the entire charge direct s the jury to consider all the evidence in determining defendant's guilt, an instruction that proof of good character is of absolutely no weight as a defense if the jury are satisfied beyond a reasonable doubt arising from all the evidence that a man charged with crime has actually committed it, is not erroneous.

2. INTOXICATING LIQUORS—SALES TO GUESTS—GOOD FAITH.
    Under Laws 1896, c. 112, § 31, as amended in 1897, prohibiting the sale of intoxicating liquors on Sunday, except to guests of an hotel, and defining a guest as one who resorts to the hotel for the purpose of obtaining in

good faith a meal therein, evidence of the good faith of persons ordering meals is competent in a prosecution for a violation of the act.

3. APPEAL—HARMLESS ERROR—EVIDENCE.

In a prosecution for selling intoxicating liquors on Sunday, it is harmless error to permit a witness to testify that certain books showed that beer was sold to defendant, where such witness testified from his own knowledge that defendant paid for it.

4. SAME.

On a trial for selling intoxicating liquor on Sunday, a letter written by defendant's son to the mayor was introduced, which contained an admittedly correct statement of defendant's position in regard to selling liquor on Sunday. Held, that the introduction of the letter did not affect any substantial right of defendant.

5. INTOXICATING LIQUORS—JOINT SALES—EVIDENCE.

Where one joint sale to four persons is alleged on a prosecution for selling intoxicating liquors on Sunday, it is immaterial which of the four purchased the liquor.

Appeal from Ulster county court.

Michael J. Dippold was convicted of selling liquor on Sunday, and he appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, PUTNAM, and MERWIN, JJ.

Brinnier & Newcomb and John F. Cloonan, for appellant.
Charles F. Cantine, for the People.

MERWIN, J. The defendant was convicted of selling liquor upon Sunday, in violation of the provisions of section 31 of the liquor tax law (chapter 112, Laws 1896, as amended by chapter 312, Laws 1897). The defendant claims that the court erroneously instructed the jury as to the weight and consideration that should be given to the good character of the defendant; erroneously submitted to the jury evidence as to the good faith of the party or parties who, it was claimed, ordered and obtained a meal; and also made divers errors in its rulings upon evidence. No exception was taken by the defendant to the charge, but the defendant claims the benefit of the provision of section 527 of the Code of Criminal Procedure, which allows the granting of a new trial in the interest of justice, though no exception has been taken.

1. In the course of its charge the court said:

"It has been proven that this defendant is a man of good character, and gentlemen of the highest business and social standing in the city have testified that his character was excellent and irreproachable. The trend of this testimony is to strengthen the presumption of innocence. It does not necessarily prove that he is innocent, but that the proof is introduced to show that men of good character are far less apt to commit crimes than men of bad character. But proof of good character is of absolutely no weight as a defense if the jury are satisfied beyond a reasonable doubt arising from all the evidence that a man charged with crime has actually committed it."

The court had previously charged as follows:

"The law presumes every man innocent until he is proven guilty by all the evidence in the case to the satisfaction of the jury beyond a reasonable doubt arising from all the evidence, and the burden never shifts from the prosecution to the defense. It remains with the prosecution from the beginning to the end of the trial, and the prosecution is obliged to satisfy the jury beyond a reasonable

doubt arising from all the evidence of the truth of every fact which they charge, the proof of which is necessary to justify a conviction.".

The court thus emphasized the idea that all the evidence must be taken into account in determining whether or not there was a reasonable doubt as to the guilt of defendant, and did not, as in some of the cases cited by the counsel for the defendant, exclude the evidence of good character in determining that question.    And then, after referring to the good character of defendant, and its natural effect, the court said to the jury that if, after a consideration of all the evidence, they were satisfied of the guilt of defendant beyond a reasonable doubt, the proof of good character was not a defense.    This direction to the jury to consider all the evidence necessarily called upon them to consider the evidence of character along with the other evidence, and it was only in the contingency of the conclusion of guilt upon all the evidence, good character with the rest, that the fact of good character was declared to be unavailing.    In this view the charge was not erroneous.    There was no doubt as to the meaning of the court, and if, to the mind of the counsel, there was any uncertainty about it, the attention of the court should have been called to it.    There is no ground for saying that the jury were misled.    This is not like the case of Remsen v. People, 43 N. Y. 6, where a charge that in substance took from the jury the consideration of good character when looking at the other evidence in the case upon the subject of the guilt of the defendant was held to be erroneous.    See People v. Sweeney, 133 N. Y. 611, 30 N. E. 1005.    Nor do the other cases cited by the counsel for the defendant reach the question here.    No error on the part of the court is shown.

2. The main questions in the case upon the facts were whether the defendant kept an hotel within the meaning of the law, and, if he did, whether the liquor claimed to have been sold by him was sold to a guest of the hotel.    There was evidence tending to show one sale for the joint benefit of four people, and used by them together in connection with what was claimed to be a meal.    By section 31 of the act as amended in 1897, a guest of an hotel is defined to be:

"(2) A person who, during the hours when meals are regularly served therein, resorts to the hotel for the purpose of obtaining, and actually orders and obtains at such time, in good faith, a meal therein."

The element of good faith is involved in this definition, and the court did not, we think, err in submitting to the jury evidence as to the good faith of the party or parties who ordered the meal in question.

3. The defendant claims that the court erred in denying the motion of defendant to strike out the evidence of a witness that certain books showed that beer was sold to the defendant.    Inasmuch as the witness testified, apparently from his own knowledge, that the defendant paid the bill, it is difficult to see how the defendant was harmed by the ruling.

The defendant claims that the court erred in admitting in evidence a letter written by a son of the defendant, in the name of the defendant, to the mayor of the city, and certifying that the defendant had all the requisites necessary under the Raines law to run an hotel.    The son testified that on the morning of the day in question he went to

see the mayor, and at his suggestion wrote and delivered to him the
letter; and the mayor testified that he delivered it to the chief of
police.   The son had no special authority from the defendant to
write the letter.   He, however, testified that upon that day he was in
the employ of the defendant, and that his duty was to see that every-
thing run right there; that he was there to look around, and see that
everything was served and done right.   Assuming that the letter may
have been objectionable, it was merely a statement of the attitude of
the defendant, as claimed by the defendant on the day in question, and
as he claimed at the trial it in fact was.   It is not apparent how
a statement of defendant's position in a manner entirely correct ac-
cording to his claim then and now affected any substantial right of the
defendant.   Code Cr. Proc. § 542.

Nor did the court err in refusing to strike out the testimony of the
witness Atkins as to the transaction, because he testified that Mr.
Linson gave the order, while previous witnesses had testified that the
order was given by Mr. Wieber.   There was but one transaction and
one sale.   It was not material which one of the four gave the order.

We have examined the other questions raised by the defendant and
find no good reason for reversal.   Judgment affirmed.   All concur.