In the Matter of the Application of HENRY H. LYMAN, for an Order Revoking and Canceling Liquor Tax Certificate No. 4079, Granted to THE GRAMERCY CLUB.

THE GRAMERCY CLUB, Appellant; HENRY H. LYMAN, Respondent.

*Liquor Tax Law — revocation of the certificate of a club, organized to evade the statute, and in which membership is dependent solely on a nominal payment.*

The Supreme Court has power to revoke and cancel a liquor tax certificate issued to a club which was not organized in good faith, but merely for the purpose of violating or evading the statute; it being without by-laws, no meeting having been held after that at which it was organized, its members having no interest in its property nor voice in its management, and any person being able, upon payment of a membership fee of from ten to twenty-five cents, to obtain liquor there.

APPEAL by The Gramercy Club, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of January, 1898, revoking and canceling the liquor tax certificate issued to The Gramercy Club.

*Patrick H. Loftus*, for the appellant.

*Royal H. Scott*, for the respondent.

McLaughlin, J.:

This is an appeal from an order revoking and canceling a liquor tax certificate granted to the Gramercy Club, upon the ground that it had forfeited its right thereto by trafficking in liquors on Sundays and between the hours of one and five o'clock in the morning; also upon the ground that it was not organized in good faith and its membership was not a legitimate membership, and that it had permitted its premises to be used as, and the same was, a disorderly house.

The most casual consideration of the record before us cannot fail to convince one that the order was right and should be affirmed. This record shows that the Gramercy Club was not organized, or the business thereafter conducted by it, in good faith so as to bring it within the provisions of the statute (Laws of 1896, chap. 112, § 31, as amended by Laws of 1897, chap. 312) relating to clubs. It was organized for the purpose of violating the law. The charter was purchased by one Edward B. Corey, and then he and two or three of his employees met in the barroom, and they said " we are the Gramercy Club." This was the origin of the club, this constituted the organization, and this was the only meeting held. Thereafter Corey had some tickets prepared which were given to the women who frequented the place with instructions to write in the names of such persons as they saw fit. Any person could become a member by the payment of from ten to twenty-five cents. Corey was the owner of the place; he received all the money that was taken in; he was the Gramercy Club. No by-laws were ever adopted and no meeting was ever held after the organization. The place was frequented by a large number of women for immoral purposes, to whom liquor was served on Sundays and during prohibited hours. Its alleged members had no interest whatever in the property; they had no voice in the management of the club. Any person could obtain liquor after one o'clock, A. M., or on Sundays, by joining the club, and nothing was done in the place except to drink, smoke and solicit for prostitution. It was not a club. It was nothing more or less than a fraudulent scheme or device concocted by Corey to evade

the law. Under such a state of facts, which are uncontradicted, it cannot be seriously contended that such a place is a club within the intent and meaning of the statute above referred to.

The order was right and should be affirmed, with costs.

Van Brunt, P. J., Rumsey and Patterson, JJ., concurred.

Order affirmed, with costs.