(29 Misc. Rep. 524.)

### In re LYMAN.

(Supreme Court, Special Term, Ontario County. November, 1899.)

INTOXICATING LIQUORS—TAX—CANCELLATION OF CERTIFICATE.
    Where the holder of a liquor tax certificate gave orders to her employés not to sell liquor on Sundays, and it appears that such sales were made, and that she was not diligent and watchful in seeing that her orders were obeyed, the certificate will be revoked.

Proceedings by Henry H. Lyman against Maggie Veeder for the revocation and cancellation of her liquor tax certificate. Certificate revoked.

Royal R. Scott, for petitioner.
Huson & Dwelle, for respondent.

WERNER, J. The petition herein, after alleging the formal facts relating to the issuance of said certificate to the respondent, proceeds to charge the respondent with several distinct violations of the liquor tax law. The alleged violations consist in the sales of liquors on each of four Sundays in the months of June and July, 1899, by the bartenders, Ackley and Polmenteer, and of sales of liquors made by said bartenders to one Jesse Hinckley, a minor under the age of 18. The formal allegations of the petition are admitted by the answer, and the alleged violations of the liquor tax law are denied. The evidence herein is not as satisfactory as might be, but it is not unusual in cases of this character. The petitioner's case is made out by the evidence of witnesses who are confessedly friendly to the respondent, as the evidence submitted to the court

clearly shows. That sales of liquor were made upon the respondent's premises upon the Sundays in question in the manner described, and in violation of the provision of said statute, is clearly established. That liquor was sold to Hinckley, and that he is a minor, is clearly proven. But it is also shown that he misrepresented his age to those who sold him liquor. The respondent denies all knowledge of the illegal sales referred to, and testifies to explicit orders given to her husband and her employés not to furnish liquors to any one on Sundays, except to guests of the hotel. In this testimony the respondent is corroborated by the admissions and statements of the other witnesses. This is, however, the kind of testimony which is to be expected in such proceedings as these, from a respondent charged with a violation of the law, and we must therefore look through the testimony to the circumstances of the case for the purpose of determining whether it is probably true or not. As we have already stated, there is no good reason for doubting the truth of the evidence that sales of liquor were made upon these premises at the times and in the manner described by the several witnesses for the petitioner. If such sales did actually take place, it is difficult to see how it could have been without the knowledge of the respondent. She testifies that she was constantly upon the premises, and usually in and about the kitchen through which the beer and liquor sold under the circumstances adverted to were carried. If she was there, she must have known of what was going on. But it may be suggested that she was not there all of the time. But it is a sufficient answer to this that her husband was her acknowledged agent. He was in charge of the premises during her absence, and worked in conjunction with her in the management of said hotel when she was present. It may be added, moreover, that the law casts upon the holder of a liquor tax certificate the duty of doing something more than the mere giving of instructions to obey the law. He is required to be active, diligent, and watchful to see that his orders are obeyed. The evidence submitted to us seems to warrant the inference that if the respondent did give orders not to sell liquors on Sundays, except to guests of the hotel, she was not as careful to see that these orders were obeyed as the law required. As we have suggested, we have not the advantage of having the witnesses before us, nor the benefit of an opinion of the referee before whom the witnesses appeared. This naked report of the evidence constrains us to think that the evidence not only justifies, but requires, the issuance of an order revoking the liquor tax certificate, and it is therefore so ordered. Ordered accordingly.