PEOPLE v. CLARK.

(Supreme Court, Appellate Division, Second Department.   May 31, 1901.)

1. INTOXICATING LIQUORS—SALE ON SUNDAY—EVIDENCE—EXCEPTIONS OF STAT-
   UTE.
      Liquor Tax Law, § 31, prohibits any corporation or person from selling or offering for sale any liquor on Sunday, or before 5 o'clock in the morning on Monday, with certain exceptions, specifically enumerated. *Held*, in a prosecution of a saloon keeper for selling liquor on Sunday, that proof beyond a reasonable doubt that the defendant offered and exposed liquor for sale on Sunday was sufficient to sustain a conviction, without proof on the part of the state that defendant was not within the protection of one of the exceptions of the statute.

2. SAME—INDICTMENT—OFFERING AND EXPOSURE FOR SALE—EVIDENCE.
      In a prosecution of a saloon keeper for selling liquor on Sunday, evidence that policemen in citizens' clothes went through a hall door into a rear room, and there found access to the barroom, where they found defendant behind the bar, clad in part in a Cardigan jacket and a white apron; that they ordered whisky, and that defendant placed a bottle and glasses on the bar, from which they poured whisky, which they drank, but for which they did not pay,—was sufficient to support an indictment charging defendant with offering and exposing whisky for sale on Sunday.

Appeal from court of special sessions, Kings county.

Edward Clark was convicted of violating the liquor law by selling liquor on Sunday, and he appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Victor E. Whitlock, for appellant.

William Van Wyck, Asst. Dist. Atty., for the People.

JENKS, J. The defendant appeals from a judgment of the court of special sessions of the Second division of the city of New York that convicts him of a violation of the liquor tax law under the charge of selling liquor on Sunday. The defense did not offer any evidence. Section 31 of the liquor tax law makes it unlawful for "any corporation, association, co-partnership or person * * * to sell, offer or expose for sale, or give away liquors * * *: (a) On Sunday; or before five o'clock in the morning on Monday." If the people proved beyond a reasonable doubt that the defendant offered and exposed liquor for sale on Sunday, it was sufficient proof of a violation of the section quoted. They were not compelled to go further to prove that the defendant was not within the protection of the exception to the provisions of clause "a," which is contained in a subsequent part of the statute, but it was for the defendant to offer evidence that he was within such exception. In re Lyman, 28 App. Div. 127, 50 N. Y. Supp. 977; People v. Crotty, 22 App. Div. 77, 47 N. Y. Supp. 845, and authorities cited; Bish. St. Crimes (3d Ed.) § 1051. The testimony of the witnesses for the people is that on Sunday, November 18, 1900, they went into a saloon, stood before a bar, and ordered a drink, or whisky, from the defendant, who was behind the bar, whereupon the defendant put down a bottle and glasses upon the bar; that they then poured liquor out of that bottle into those glasses; and that they then drank the liquor, which was whisky. This testimony, if believed, made out a case for the people. It is contended that the information laid charged that the defendant "did offer and expose for sale," and that the evidence is insufficient to establish that charge. The witnesses for the people were policemen, who at the time wore citizens' clothes. They first went through a hall room, thence into a rear room, and there found access to the barroom. They found the defendant behind the bar, clad in part in a Cardigan jacket and a white apron. They did not know him, nor did he know them. They ordered and drank, but did not pay. This was plainly an offer and exposure for sale. None would be so credulous as to credit that under the circumstances the defendant intended to make a donation to strangers simply upon their call for drink.

The judgment of the court of special sessions must be affirmed. All concur.