(39 Misc. Rep. 270.)

CULLINAN, State Commissioner of Excise, v. CRITERION CLUB et al.

(Supreme Court, Trial Term, New York County. November, 1902.)

1. INTOXICATING LIQUORS—RECOVERY OF PENALTY—COMPLAINT.
    In an action by the state commissioner of excise against a so-called club for selling liquors between 1 and 5 a. m., in violation of the Liquor Tax Law, § 31, cl. "b," a verdict for plaintiff will not be set aside because in the complaint a subsequent provision of such clause excepting from said subdivision a corporation or association duly organized before March 23, 1896, was not negatived.

Action by Patrick W. Cullinan, state commissioner of excise, against the Criterion Club and the Fidelity & Deposit Company of Maryland. Verdict for plaintiff, and defendants moved to set aside the verdict. Motion denied.

Herbert H. Kellogg, for plaintiff.

Boardman, Platt & Soley, for defendants.

GREENBAUM, J. Section 31 of the liquor tax law, which prohibits the sale of liquor on any day "between one o'clock and five o'clock in the morning" (clause "b"), provides:

"That a corporation or association, organized in good faith, under chapter five hundred and fifty-nine of the Laws of eighteen hundred and ninety-five, or under any law which prior to May sixth, eighteen hundred and ninety-five, provided for the organization of societies and clubs for social, recreative or similar purposes, and which corporation or association was actually lawfully organized, and if a corporation, its certificate of incorporation duly filed, prior to March twenty-third, eighteen hundred and ninety-six, and which at such date trafficked in or distributed liquors among the members thereof, is excepted from the provisions of clauses 'a,' 'b,' 'c,' and 'd' of this section."

The defendant moves to set aside the verdict heretofore directed by the court upon the ground that the provision above quoted is to be treated as an "exception" in the statute, which the plaintiff was obliged to negative in his pleading. The case of People v. Crotty, 22 App. Div. 77, 47 N. Y. Supp. 845, seems to me to be controlling here in opposition to defendants' contention. The exceptions discussed in the Critty Case related to the provisions exempting pharmacists and hotel keepers from the general operation of the law. The exception relating to corporations, as above set forth, follows the provisions affecting pharmacists and hotel keepers in section 31, and it was not embodied in the original enactment. There seems to be no valid reason for treating this exception differently from the exceptions construed in the Crotty Case. The exception is not absolute as to all the corporations which are specifically referred to in the provision. To avail itself of this exception, it would be necessary to show that the corporation was organized in "good faith," and that it "trafficked in or distributed liquors among its members" as therein provided. It was, therefore, incumbent upon the defendants "to aver and prove that the case was one falling within the terms" of the provision under which it claims exemption. Rowell v. Janvrin, 151 N. Y. 69, 45 N. E. 398.

As to the point urged that the testimony of the witness Rush Simms, called by defendants, did not show that he was at the place when the alleged violation occurred during the prohibited hours, I find from a re-reading of the stenographer's minutes taken at the trial that he unequivocally admitted that he was at the premises between 1 and 5 o'clock a. m., and that he unqualifiedly stated that liquors were sold there during those hours. The motion for a new trial is denied. Motion denied.