Where a hotel keeper sells whisky at the hotel to casual callers, and only incidentally has sandwiches served with the drinks, such persons are not "guests," within the meaning of Liquor Tax Law (Laws 1897, p. 236, c. 312) § 31, subd. 2, in that they did not resort to the hotel for the purpose of obtaining, and did not order and actually obtain, at such time, a meal therein in good faith.

In the matter of the petition of Patrick W. Cullinan, state commissioner of excise, for an order revoking the liquor tax certificate issued to A. J. Young. Petition granted.

William E. Schenck, for petitioner.
E. B. Barnum, for defendant.

GARRETSON, J. The prayer of the petition should be granted, and the respondent's certificate revoked and canceled. The respond-

ent, a hotel keeper, concededly sold whisky on Sunday, which was drunk on the premises, to two persons who happened to be special agents of the department. These men were casual callers. The testimony leads quite irresistibly to the conclusion that they were not "guests," within the meaning of section 31, subd. 2, of the liquor tax law (Laws 1897, p. 236, c. 312); that they did not resort to the hotel for the purpose of obtaining, and did not order and actually obtain, at such time, in good faith, a meal therein; that the respondent knew, or should have known from what transpired at the time, that such was the fact. The serving of the sandwiches was a mere subterfuge. It was incidental to the sale of the whisky. The men ordered whisky, and said nothing in the first instance about a meal, or even a sandwich. The latter was urged upon them by the waiter after consultation with the respondent. The section above cited (subdivision k) provides that "the keeper of a hotel, may sell liquor to the guests of such hotel * * * with their meals," the meal being the primary, and the liquor the secondary, thing. Regarding the callers as guests, and the sandwich as a meal, for the purpose of this discussion only, the occurrence was nothing less than a selling of meals to the guests with their liquor—a palpable evasion of the letter and spirit of the law, and a practical transposition of its express terms to accomplish such evasion; the sale of liquor being thus made the primary thing, and the sale of the sandwich being secondary and incidental thereto. Petition granted, with costs and disbursements, as in a special proceeding.

Petition granted, with costs and disbursements.