CULLINAN, State Excise Com'r, v. KISSELBRACK et al.

(Supreme Court, Trial Term, Columbia County. March, 1904.)

1. NEW TRIAL—INSUFFICIENCY OF EVIDENCE.

Where the evidence in an action by the State Commissioner of Excise for alleged violation of a bond given under the liquor tax law, as introduced by plaintiff, in respect to all the alleged violations, was disproportionate to the sum total of the evidence introduced by the defendant, and preponderated to a great extent, so that it is impossible for any person accustomed to weigh the evidence to read the record without being forced to the conclusion that a verdict for defendant was not in accordance with the facts, a new trial will be granted.

Action by Patrick W. Cullinan, as State Commissioner of Excise, against Daniel Kisselbrack and others. Verdict for defendants. Motion for new trial granted.

Albert O. Briggs and William Vanamee, for plaintiff.

Gardenier & Smith, for defendant Kisselbrack.

Peter A. Delaney, for defendant Fidelity & Casualty Company of New York.

COCHRANE, J. This is an action on a bond, given under the provisions of the liquor tax law (Laws 1896, p. 45, c. 112, amended by Laws 1897, p. 207, c. 312, and Laws 1900, p. 849, c. 367), for alleged violations of such law on the part of the defendant Kisselbrack, who was a hotel keeper at Ancram, N. Y. Evidence was given on the trial tending to prove a number of violations of the law by Kisselbrack during the year 1901. The jury rendered a verdict for the defendants, and the plaintiff moves to set aside such verdict on the ground that it is against the weight of evidence. I shall only refer to some of the alleged violations claimed to have been established.

Two witnesses, Frank Coons and Clarence Halsted, testified that on Sunday, November 24, 1901, Kisselbrack sold them whisky, which was paid for by Halsted. The purpose of their visit on the occasion in question was to see about some oats which Halsted wished to purchase. Those two witnesses, as far as the record shows, were absolutely disinterested. Their testimony as to the occurrence in question was clear, positive, and unshaken by cross-examination. Halsted stands before the court as a witness entirely unimpeached or uncontradicted in any portion or detail of his testimony, except as he is contradicted by the defendant Kisselbrack. The latter, in giving his testimony, did not specifically deny the testimony of Halsted, but denied categorically the question put to him as to whether the statement of Coons was true—that on November 24, 1901, he, with Halsted, was present in the barroom, and was served with whisky on that occasion. The testimony of Kisselbrack is such that it does not permit the possibility of a mistake on the part of Coons and Halsted as to the day of the week on which the transaction occurred. Kisselbrack makes no explanation of the visit to his hotel in reference to the oats, but his position is that the transaction as to the sale of whisky in question did not occur. Aside from the interest which Kisselbrack naturally has in the result of the action,

we are confronted with the rule that, other things being equal, the positive testimony of a witness that a certain fact occurred is entitled to more weight than the negative testimony of a witness that such fact did not occur. The reason for this rule is well illustrated in the present case, because it is possible that the occurrence in question may have passed out of Kisselbrack's mind, and that his recollection is at fault, but it is not possible to look thus charitably on the testimony of Halsted and Coons. If this verdict is correct, these two men have intentionally and deliberately falsified the truth, without any apparent motive for doing so. This is contrary to reason and human experience.

The witness Coons also testified that, on another Sunday of the year 1901, he, with one Simmons, purchased whisky at the hotel of Kisselbrack, of one Walter Card, his bartender. The testimony of Card on this point scarcely amounts to a contradiction. That he acted as bartender for Kisselbrack is admitted by the latter. The substance of Card's testimony on this point is that he does not remember. Still he says, "They might have got it there, all right." No inference unfavorable to the plaintiff can be drawn because of the failure to produce Simmons as a witness. No business or social relations exist between the plaintiff and Simmons which made it incumbent on the former to call the latter as a witness. The defendants were specifically apprised in the complaint of this alleged occurrence with reference to Coons and Simmons, and the testimony of the latter was equally available to both parties.

Lewis White testified that, on a Sunday in the latter part of 1901, he purchased whisky of William Neeling, Kisselbrack's bartender. On his direct examination he fixed the time as being in November or December. On cross-examination he said he was sure it was in December. Neeling, called as a witness for the defendants, testified that he did not work for Kisselbrack in December, and that he was positive that he did not work for him on any Sunday in November. But in this latter statement he is in direct conflict with Kisselbrack, who testified that Neeling worked on Sundays both in November and December, but subsequently qualified this testimony by saying that he did not work for him in December. Of course, the particular Sunday is immaterial. The point is whether a sale took place on any Sunday at about that time, and the positive testimony of White as to the fact of a Sunday sale (whether in November or December is immaterial) is not fairly met by the vague testimony of Neeling, contradicted as he is by Kisselbrack as to the time when he was working for the latter. Neeling does not deny that at some time he sold liquor to White on Sunday. As the case stands, it is not the sale of liquor on Sunday to White which is denied, but the sale to him on a Sunday in November or December. On a motion like this, the evasive and unsatisfactory character of evidence may properly be considered, even though such evidence may be sufficient to require the submission of the question to a jury in the first instance.

Reference has been made to the failure on the part of Card, a bartender of Kisselbrack, to remember whether or not he made a sale of liquor on Sunday to Coons and Simmons. The testimony of this

witness is full of significance. He testified to a sale on Sunday to Woodward, and, as he thought, to others. He also testified to the presence of people in the barroom Sundays, which is in itself a violation of the liquor tax law. The only doubt there seems to have been in his mind was as to who the people were who were in the barroom, or as to whom he made sales. True, he is contradicted. But the significant feature of his testimony is the implied admission throughout of an open barroom on the Sunday or Sundays when he, was at the hotel in question as bartender. This implied admission or assumption of an open barroom on Sundays underlies his entire testimony. It may be pertinently asked if this particular room had been kept closed Sundays, as the law requires, why would this witness have hesitated and been in doubt as to whether or not he had made sales on Sunday to this or that particular person, or as to whether this or that particular person had been in the barroom Sundays. If the barroom had been kept closed, Card could certainly have testified positively, and without the slightest doubt or hesitation, that he had sold to no one on Sunday, and that no one had been admitted to the barroom on those days. The very fact that he equivocated and hesitated as to the persons who were there proves to any fair-minded person that the barroom was accessible to the public on those prohibited days.

It is unnecessary to consider all of the violations claimed to have been established. Of course, a verdict should not be set aside merely because the views of the court do not coincide with those of the jury. It is not sufficient that the evidence, in the opinion of the court, preponderates against the decision which the jury may have reached. There is a certain personality about witnesses, due to their demeanor or to the degree of intelligence manifested by them, or their manner in giving their testimony, which may properly appeal to jurors, and make such testimony more or less weighty, according to the person who gives it. And it may be that in this case, if the plaintiff had confined himself to any one of the violations claimed to have been established, the court would not feel justified in disturbing the verdict. But this action is peculiar. The plaintiff gives evidence not only of one, but of a number, of alleged violations. And although in respect to any one of such violations perhaps the verdict should not be set aside, yet the sum total of the evidence introduced by the plaintiff in respect to all of the alleged violations is so disproportionate to the sum total of the evidence introduced by the defendant, and preponderates to such an extent, as to make another trial proper, after making due allowance for the personality of the witnesses above alluded to, and for such considerations as may properly influence a jury. It is impossible for any person accustomed to weigh and analyze evidence to read the record in this case without being forced to the conclusion that this verdict is not in accordance with the facts and the law pertaining thereto. The plaintiff should have an opportunity to again present the facts to a jury. Motion granted on payment by the plaintiff of the trial fee and trial disbursements.

Motion granted on payment by plaintiff of trial fee and disbursements.