CULLINAN, State Com'r of Excise, v. RORPHURO et al.

(Supreme Court, Appellate Division, First Department. April 8, 1904.)

1. INTOXICATING LIQUORS—SUNDAY SALES—ACTIONS ON BOND—EVIDENCE.

In an action on a liquor dealer's bond, the breach alleged being Sunday sales in prohibited quantities, evidence *held* insufficient to establish the defense that the liquor was served to guests with meals.

Van Brunt, P. J., and O'Brien, J., dissenting.

Appeal from Trial Term, New York County.

Action by Patrick W. Cullinan, as State Commissioner of Excise, against Ernest Rorphuro and the Fidelity & Casualty Company of New York. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

H. H. Kellogg, for appellant.
A. Gruber, for respondents.

PATTERSON, J. This action was brought on a bond given under section 18 of the liquor tax law (Heydecker's Gen. Laws, p. 2372, c. 29), and to recover for the breach of its condition. At the trial the defendant had a verdict, and from the judgment entered thereon, and from an order denying a motion for a new trial, the plaintiff has appealed.

It was proven on the trial that in August and September, 1900, the defendant Ernest Rorphuro was the proprietor of premises Nos. 2835, 2837, and 2839 Broadway, in the borough of Manhattan, in the city of New York, upon which liquor was sold. He was the holder of a liquor tax certificate issued pursuant to the liquor tax law. Upon his application for the certificate, he had furnished a bond executed by himself and the defendant the Fidelity & Casualty Company. The condition of the bond was that Rorphuro, the principal, would not "suffer or permit any gambling to be done in the place designated by the Liquor Tax Certificate in which the traffic in liquors is to be carried on, or in any yard, booth, garden or any other place appertaining thereto or connected therewith, or suffer or permit such premises to become disorderly and will not violate any of the provisions of the Liquor Tax Law, or any act amendatory thereof or supplementary thereto."

The plaintiff places his right to recover upon alleged breaches of the condition of the bond; claiming, among other things, first, that upon Sunday, August 12, 1900, Rorphuro, at the said premises, by himself, his agents, servants, and bartenders, trafficked in liquors by selling them in quantities less than five wine gallons, to persons named; and, second, charging four violations of the liquor tax law, consisting in the sale of liquor in prohibited quantities to two persons named, at four separate and distinct times, on Sunday, September 9, 1900. The

defendants answered separately, but each seeks to avoid the effect of the allegations of the complaint respecting the breaches of the condition of the bond by setting forth that Rorphuro was the proprietor of a hotel; that the premises named in the complaint were used as a hotel, and that Rorphuro had complied with all the requirements of the liquor tax law, and had the right, at the times mentioned in the complaint, to sell and dispose of liquor on the premises on Sundays to guests frequenting the same, such sales being in connection with meals then and there served such guests; and further claiming that if liquors were sold, as alleged in the complaint, the same were furnished and sold in connection with meals then ordered, and which the defendant Rorphuro had the legal right to do.

It is not to be questioned that liquor was sold for consumption on the premises to the persons named in the complaint on the specific Sundays mentioned therein. The defendants seek to avail themselves of the right accorded by the liquor tax law to the proprietor of a hotel to sell liquor on the premises to guests who are furnished at the same time with meals, and the plaintiff earnestly insisted on the trial that the burden of proof was upon the defendant Rorphuro to show such a situation of the building in which he carried on his liquor traffic as constituted a full compliance with all the requirements of the liquor tax law as to what is to be regarded as a hotel, within the meaning of that law, and that Rorphuro had failed to do so, and hence a verdict should have been directed for the plaintiff.

We do not consider it necessary on the present appeal to pass upon the sufficiency of the evidence to show strictly or substantially that Rorphuro's premises came within the description of a hotel, within the definition or requirement of the liquor tax law. We will assume that it is sufficient, and that Rorphuro had the right of a hotel keeper to sell liquor to his guests, if it were shown that he had actually and in good faith supplied to bona fide guests liquor with their meals on the Sundays referred to, or if there were evidence to authorize a verdict for the defendant upon that subject. There was a conflict as to what happened on the premises on Sunday, August 12, 1900. The state of the record is such that as to that particular day there was an issue for the jury to settle; but as to September 9, 1900, there is no evidence contradictory of that of McPhillips and Fisher as to the sale of liquor to them on each of the four separate times on that day on which they drank liquor on the premises. Even if it may be said that in some general way there was testimony to indicate, by a very strained inference, that there must have been something furnished to those two men to eat at the times they bought liquor on that day, it is so vague, general, and inconclusive that a verdict based upon it should be set aside as being against the weight of positive evidence unimpeached and in reality uncontradicted. The persons to whom liquor was sold on September 9th (McPhillips and Fisher) were excise agents, but they are not to be ranged in the same category of witnesses as persons hired to procure evidence, nor even as detectives. Cullinan v. Trolley Club, 65 App. Div. 202, 72 N. Y. Supp. 629; People ex rel. Simermyer v. Roosevelt, 2 App. Div. 498, 37 N. Y. Supp. 1083. Here the great pre-

ponderance of testimony is that on each of the four occasions on which McPhillips and Fisher bought, paid for, and drank liquor on the premises of Rorphuro on September 9, 1900, they not only did not order, did not pay for, and did not eat, but they were not served with, a meal or with food, although there is some testimony of a circulating sandwich being passed around the room in which they sat. The testimony of McPhillips and Fisher is positive and direct. The testimony relied upon by the defendants to show that on the 9th of September, 1900, McPhillips and Fisher were served with a meal, is really valueless. Rorphuro says, speaking generally, that he knew McPhillips, and that he had seen him on the premises; that he was there every Sunday himself, and there were no violations of the liquor law. But he said he was not able to tell the day or the month when he saw McPhillips and Fisher on the premises. Lehmeyer, a policeman, swears that he was at the premises every Sunday in July, August, and September, 1900; he saw people drinking there; and that they always had articles of food in every case—that is, those who were within his sight. He says that on a Sunday, either in July, August, or September—it might have been in August or September, he did not know which— he saw McPhillips and a man with him, and they were drinking. He did not remember what they ordered or what they had, but it was some food; and then he remembered that he thought it was some roast ham, or something like that. The testimony of Powers, a witness on behalf of the defendants, amounts to nothing, except that he saw McPhillips on the premises once, and that was a Sunday, and that there was something on the table before him, which the witness thought was roast ham. The testimony of Brew, another witness for the defendants, seems to relate, not to McPhillips and Fisher, but to the men whom it was claimed were served with liquor on the premises on August 12, 1900.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event.

McLAUGHLIN and LAUGHLIN, JJ., concur.

O'BRIEN, J. I dissent. The majority of the court rest their decision upon the weight to be given to the evidence of McPhillips and Fisher as to the sale of liquor to them on September 9, 1900. It is said that the verdict should be set aside because it is against the weight of their positive evidence, "unimpeached" and "uncontradicted." This characterization does not seem to me to be borne out by the facts, and it is predicated upon the proposition that, because they were excise agents, they "are not to be ranged in the same category of witnesses as persons hired to procure evidence, nor even as detectives." I am aware that the court has so stated in the two cases referred to in the opinion, but upon reflection I am not prepared to assent to this view. These men, as the evidence shows, were employed by the state, and were actively engaged in an attempt to find the evidence upon which they could break Rorphuro's license; and their interest and zeal in this direction are abundantly established by this record, because, apart

from their former attempts, it appears that on this particular date they endeavored on four separate occasions to tempt Rorphuro, by ordering liquor without a meal, to violate the law.   These witnesses do not rely at all upon any violation observed with respect to selling liquor without meals to others on that day, but, taking their evidence at its best, they would have the jury believe that they had succeeded after four attempts in obtaining liquor on that Sunday without some food being served at the same time.   To say that this evidence is to be accepted without question, and is to be characterized as unimpeachable, is going further on the subject of credibility to be given to such evidence than any other authority to which my attention has ever been called.   If the case stood upon their uncontradicted evidence, I still think there would be a question for the jury, because the animus of the witnesses, their undoubted interest in the quest which they were making, their manifest desire to obtain the evidence, and the persistency with which they continued upon the four occasions to tempt the waiters to furnish them with liquor without food, left the question of their credibility, it seems to me, one of fact for the jury.   We have, however, as against their evidence, that given by the proprietor, the policeman, and others, on behalf of the owner of the hotel, which contradicts the statements of these two witnesses as to the alleged violations of that law on that day.

This man Rorphuro, against whom and his bondsman it is endeavored to recover the penalty of the bond because of a breach of its condition, held a hotel license; and he had, therefore, the right, when serving food, to supply guests with drinks.   This place of Rorphuro's was a resort patronized by the general public, and principally by persons of moderate means.   They are as much entitled to have a drink served with their meals or with food, as the patrons of our larger hotels or clubs.   The zeal and persistency of these agents in tempting this hotel keeper on four separate occasions, if their testimony is to be believed, to violate the law, displays a special interest in establishing a violation in this place, and their credibility was properly submitted to the jury.   Therefore I do not think that the verdict is against the weight of evidence, and, there being peculiarly a question of fact for the jury, to be resolved upon their view of the credibility to be attached to the testimony of the respective witnesses, we should not interfere with the verdict; and the judgment accordingly should be affirmed.

VAN BRUNT, P. J., concurs.