(45 Misc. Rep. 497.)

### In re CULLINAN, State Com'r of Excise.

(Supreme Court, Special Term, New York County.  December, 1904.)

1. INTOXICATING LIQUORS—SUNDAY SALE—EVIDENCE.
     A person seeking to justify Sunday sale of liquor in violation of Liquor Tax Law, § 31k, subd. 2 (Laws 1897, p. 236, c. 312), by relying on exceptions contained in said section, must plead and prove the facts bringing him within the exception.

2. SAME—CANCELLATION OF CERTIFICATE.
     Where, in proceedings to cancel a liquor tax certificate because of sales on Sunday, where the answer alleges that the sales were made by the occupier of a hotel to guests at their meals, the respondent must show that the building has the equipment of a hotel, or is constructed as required by Liquor Tax Law, § 31k, subd. 2 (Laws 1897, p. 236, c. 312).

3. SAME—EVIDENCE.
     In proceedings to cancel a liquor tax certificate because of sales made on Sunday, where respondent attempts to show sales made in a hotel, he must show sales to guests within Liquor Tax Law, § 31k, subd. 2 (Laws 1897, p. 236, c. 312), defining a guest as a person who, when meals are regularly served, resorts to the hotel and orders a meal in good faith, and the service of a sandwich costing five cents to a casual visitor who orders liquor does not constitute service to a guest.

In the matter of the petition of Patrick W. Cullinan, state commissioner of excise, for an order revoking liquor tax certificate No. 2,072, issued to Ida Jacobs.  Motion granted.

Herbert H. Kellogg, for petitioner.
Henry J. Goldsmith, for respondent.

CLARKE, J.  Motion is made to revoke and cancel a liquor tax certificate, pursuant to section 28, subd. 2, of the liquor tax law (Laws 1897, p. 229, c. 312), upon testimony taken before a referee and reported to the court without opinion.  The petition alleges violations of section 31, subd. "a," p. 233, by unlawful sale of liquors on Sundays, July 24 and 31, 1904, to persons named, and also violations of other provisions of the liquor tax law.  The answer sets up justification of the Sunday sales under section 31, which permits sales of liquor on Sunday by the keeper of a hotel to guests with their meals, except between 1 and 5 o'clock in the morning.

The term "hotel" is defined by section 31 to mean "a building regularly used and kept open as such for the feeding and lodging of guests," and states the manner of such use, and the structural requirements of the building when situate within a city.  A party who relies upon the exceptions contained in section 31 of the liquor tax law must plead and prove the facts bringing him within the exceptions.  Matter of Lyman, 28 App. Div. 127, 50 N. Y. Supp. 977; Matter of Schuyler, 63 App. Div. 206, 71 N. Y. Supp. 437.  The only evidence given to sustain the special plea is that there are 25 rooms in the premises, and that "they were fitted with all the accoutrements of a hotel."  What the accoutrements were is not stated.  There is no evidence that the building has the equipment or is constructed as required by section 31k, subd. 2, of the liquor tax law (Laws 1897, p. 236, c. 312).  The respondent certificate holder has therefore failed to prove the facts.

constituting the place a hotel as defined by the statute. Matter of Schuyler, 63 App. Div. 206, 71 N. Y. Supp. 437.

But even if the respondent had shown that the building was a hotel, the defense would not have been proven. To justify the admitted sales, they must be shown to have been made to guests. Section 31 defines a "guest," within the meaning of the exception in favor of hotel keepers, as "a person who, during the hours when meals are regularly served therein, resorts to the hotel for the purpose of obtaining and actually orders and obtains at such time in good faith a meal therein." The uncontradicted evidence is that three special agents of the state excise department entered the premises at about 6:40 p. m. on Sunday, July 24, 1904, through a side door, or so-called "ladies' entrance," and took seats at a table in a large room in the rear of the barroom. There were present 15 or 20 other persons, men and women, coming in and going out, and sitting at tables drinking. One of the agents ordered whisky. A waiter who came to the table asked, "What kind of sandwiches do you want?" The agent said, "We don't want anything to eat." The waiter said, "You will have to order a sandwich to get the drinks." Whereupon the agent replied, "Bring anything." The waiter went to the barroom and returned with three sandwiches, three glasses of water, and three glasses of whisky. The agent paid 45 cents for the whisky and 15 cents for the sandwiches. Shortly after another order was given for whisky, which was brought by the same waiter. No food was served with the second order of whisky. A charge of 45 cents was paid to the same waiter. The sandwiches were not eaten. The evidence as to the first order was corroborated by the waiter in the employ of the respondent, when testifying for the defense, and on cross-examination he states that the sandwiches were not eaten, and that after the men left he threw them into a barrel. On Sunday, July 31, 1904, at about 2:40 p. m., three other special agents ordered, were served with, and paid for whisky under similar circumstances. They told the man who served them that they had been to dinner, and that they were not hungry and didn't want anything to eat. On this occasion there were 14 men and 1 woman sitting at tables in the room drinking. No testimony was offered by respondent relating to this date. There was no evidence to show that respondent had a regular dining room or served meals. There was no dining-room furniture or tablecloths or utensils, except knives, which were brought with the sandwiches. From the evidence it clearly appears that no meal was served in good faith. The petitioner's witnesses never became the guests of the respondent under the provisions of section 31 of the statute. The sales were in violation of the law. Matter of Cullinan (Young certificate) 93 App. Div. 427, 87 N. Y. Supp. 660; Matter of Kinzel, 28 Misc. Rep. 622, 59 N. Y. Supp. 682.

It is unnecessary to consider the further violations alleged. Motion for an order revoking and canceling the liquor tax certificate is granted, together with costs.

Motion granted, with costs.