Supreme Court—Special Term—New York County.

December, 1904.

# MATTER OF PETITION OF PATRICK W. CULLINAN (JACOBS CERTIFICATE).

(45 Misc. 497.)

1. LIQUOR TAX LAW—CANCELLATION OF CERTIFICATE—"HOTEL"—SERVICE TO GUESTS.

   A party selling liquor on Sunday, who relies on the exceptions contained in section 31 of the Liquor Tax Law on the ground that he is a keeper of a hotel must plead and prove the facts bringing him within the exceptions.

2. SAME.

   The mere fact that there are twenty-five rooms in the premises and that "they were fitted with all the accoutrements of a hotel" is not sufficient where there was no evidence that the building had the equipment or was constructed as required by section 31k, sub. 2, of the Liquor Tax Law.

3. SAME—"SANDWICH" MEALS.

   The serving of sandwiches which are not wanted and subsequent serving of drinks without food is not a compliance with the law.

MOTION to revoke and cancel a liquor tax certificate.

Herbert H. Kellogg, for petitioner.

Henry J. Goldsmith, for respondent.

CLARKE, J.: Motion is made to revoke and cancel a liquor tax certificate, pursuant to section 28, subdivision 2 of the Liquor Tax Law, upon testimony taken before a referee and reported to the court without opinion. The petition alleges violations of section 31, subdivision a, by unlawful sale of liquors on Sundays, July 24 and 31, 1904, to persons named, and also violations of other provisions of the Liquor Tax Law. The answer sets up justification of the Sunday sales under section 31, which per-

mits sales of liquor on Sunday by the keeper of a hotel to guests with their meals, except between 1 and 5 o'clock in the morning. The term " hotel " is defined by section 31 to mean " a building regularly used and kept open as such for the feeding and lodging of guests," and states the manner of such use and the structural requirements of the building when situate within a city. A party who relies upon the exceptions contained in section 31 of the Liquor Tax Law must plead and prove the facts bringing him within the exceptions. (Matter of Lyman, 28 App. Div. 127; Matter of Schuyler, 63 id. 206.) The only evidence given to sustain the special plea is that there are twenty-five rooms in the premises and that " they were fitted with all the accoutrements of a hotel." What the accoutrements were is not stated. There is no evidence that the building has the equipment or is constructed as required by section 31k, subdivision 2 of the Liquor Tax Law. The respondent certificate holder has, therefore, failed to prove the facts constituting the place a hotel as defined by the statute. (Matter of Schuyler, 63 App. Div. 206.) But even if the respondent had shown that the building was a hotel, the defense would not have been proven. To justify the admitted sales they must be shown to have been made to guests. Section 31 defines a guest within the meaning of the exception in favor of hotel keepers as " a person who, during the hours when meals are regularly served therein, resorts to the hotel for the purpose of obtaining and actually orders and obtains at such time in good faith a meal therein." The uncontradicted evidence is that three special agents of the State Excise Department entered the premises at about 6.40 p. m. on Sunday, July 24, 1904, through a side door or so-called " ladies' entrance " and took seats at a table in a large room in the rear of the barroom. There were present fifteen or twenty other persons, men and women, coming in and going out and sitting at tables drinking. One of the agents ordered whiskey. A waiter who came to the table asked:

" What kind of sandwiches do you want ?" The agent said: " We don't want anything to eat." The waiter said: " You will have to order a sandwich to get the drinks." Whereupon the agent replied: " Bring anything." The waiter went to the barroom and returned with three sandwiches, three glasses of water and three glasses of whiskey. The agent paid forty-five cents for the whiskey and fifteen cents for the sandwiches. Shortly after another order was given for whiskey, which was brought by the same waiter. No food was served with the second order of whiskey. A charge of forty-five cents was paid to the same waiter. The sandwiches were not eaten. The evidence as to the first order was corroborated by the waiter in the employ of the respondent when testifying for the defense, and on cross-examination he states that the sandwiches were not eaten, and that after the men left he threw them into a barrel. On Sunday, July 31, 1904, at about 2:40 p. m., three other special agents ordered, were served with and paid for whiskey under similar circumstances. They told the man who served them that they had been to dinner, and that they were not hungry and didn't want anything to eat. On this occasion there were fourteen men and one woman sitting at tables in the room drinking. No testimony was offered by respondent relating to this date. There was no evidence to show that respondent had a regular dining room or served meals. There was no dining room furniture or tablecloths or utensils, except knives, which were brought with the sandwiches. From the evidence it clearly appears that no meal was served in good faith. The petitioner's witnesses never became the guests of the respondent under the provisions of section 31 of the statute. The sales were in violation of the law. (Matter of Cullinan [Young Certificate] 93 App. Div. 427; Matter of Kinzel, 28 Misc. Rep. 622.) It is unnecessary to consider the further violations alleged. Motion for an order revoking and canceling the liquor tax certificate is granted, together with costs.

Motion granted, with costs.

## NOTE ON SUNDAY TRAFFIC.

*Selling on Sunday prohibited; exceptions.*—Section 31 contains a general prohibition upon selling, exposing for sale or giving away liquors on Sunday as well as at certain other specified times. The particular clause in which the enactment occurs contains no qualifications. At the end of the section three exceptions are separately enumerated for the benefit of certain pharmacists, hotel keepers and social clubs. The exceptions not being interpolated in the body of the clause enacting the general prohibition, need not be negatived in a petition, complaint or indictment where the defendant is charged with the unlawful sale of liquor during any of these prohibited hours. Any person claiming the benefit of any such exception must plead and prove his right to commit the acts complained of. (People v. Crotty, 22 App. Div. 77, 12 Crim. 473; People v. Clark, 61 App. Div. 500; People v. Haren, 35 Misc. 590; Matter of Lyman v. Young Men's Cosmopolitan Club, 28 App. Div. 127; Matter of Schuyler v. Rorphuro, 63 App. Div. 206; Cullinan v. Trolley Club, 65 App. Div. 202; Cullinan v. Criterion Club, 39 Misc. 270, affirmed 86 App. Div. 626; People v. Brede, unreported decision of SUTHERLAND, Monroe County Judge; Matter of Lyman v. True Friends Social and Literary Circle, N. Y. L. J. Dec. 8, 1897; Cullinan v. O'Connor, 100 App. Div. 142; Matter of Cullinan v. Young, 93 App. Div. 427, aff'g 41 Misc. 3; Cullinan v. Rorphuro, 93 App. Div. 200; Cullinan v. Kisselbrack, 43 Misc. 103.)

*Forfeiture of certificate.*—The unlawful sale on Sunday and during other prohibited hours at licensed premises is a violation of the Liquor Tax Law, which, when established, requires the cancellation of the liquor tax certificate issued therefor. (Matter of Lyman v. Gramercy Club, 28 App. Div. 127; Matter of Kinzel v. Malone, 28 Misc. 622; Matter of Lyman v. Veeder, 29 Misc. 524; Matter of Schuyler v. Rorphuro, 63 App. Div. 206; Matter of Cullinan v. Young, 41 Misc. 3, aff'd 93 App. Div. 427; Matter of Cullinan v. Jacobs, 45 Misc. 497.)

*Forfeiture of bond.*—Such unlawful sale of liquor also constitutes a breach of the conditions of the liquor tax bond given to secure the good conduct of the business under the liquor tax certificate for such premises. (Lyman v. Shenandoah Social Club, 39 App. Div. 459; Lyman v. Schenck, 37 App. Div. 234; Lyman v. Perlmutter, 166 N. Y. 410, aff'g 49 App. Div. 234; Lyman v. Oussani, 33 Misc. 409, rev'd 65 App. Div. 27; Cullinan v. Criterion Club, 39 Misc. 270, aff'd 86 App. Div. 626; Cullinan v. Rorphuro, 93 App. Div. 200; Cullinan v. O'Connor, 100 App. Div. 142; Cullinan v. Kisselbrack, 43 Misc. 103.)

*When unlawful Sunday traffic a crime.*—Offering or exposing for sale or selling liquor on Sunday under any other circumstances than those described in the exceptions favoring hotel keepers, pharmacists and social clubs is a misdemeanor. (People v. Crotty, 22 App. Div. 77, 12 Crim.

473; People v. Dippold, 30 App. Div. 62, 13 Crim. 230; People v. Clark, 61 App. Div. 500; People v. Haren, 35 Misc. 590.)

*Not unlawful to purchase liquors.*—The Liquor Tax Law prohibits the sale of liquors under certain circumstances, but does not make it unlawful to purchase the liquors so sold.   (Lyman v. Oussani, 33 Misc. 409.)

*Hotel keeper must plead and prove right to sell liquor on Sunday.*—An exception to the provisions of clauses "a," "c" and "d" of section 28 permits the keeper of a hotel, who is authorized as such to traffic in liquors to be drunk on the premises, to serve liquor to his guests under certain circumstances during certain hours when the traffic in liquor is otherwise generally prohibited, but this is a privilege which must always be pleaded and proven by one claiming its benefit.   (Matter of Schuyler v. Rorphuro, 63 App. Div. 206; People v. Clark, 61 App. Div. 500; People v. Haren, 35 Misc. 590; People v. Crotty, 22 App. Div. 77, 12 Crim. 473; People v. Brede, *postea;* Cullinan v. O'Connor, 100 App. Div. 142; Matter of Cullinan v. Young, 93 App. Div. 427; Cullinan v. Rorphuro, 93 App. Div. 200; Cullinan v. Kisselbrack, 43 Misc. 103.)

*Sales to "guests" only, with bona fide meals.*—SUTHERLAND, J., Monroe Co. Ct., in an unreported opinion in People v. Brede, says: "The Liquor Tax Law differs in no material respect form the Excise Law of 1892 as to the sale of liquor to a guest by a hotel keeper, and it seems probable that the Legislature in passing both the Excise Law and the Liquor Tax Law, intended to leave the matter substantially as it had been ever since the enactment of the Revised Statutes; the words lodgers or travelers contained in the revised statutes, and used by the courts in construing the Act of 1857, being replaced by the word guest in the Excise Law of 1892 and the Liquor Tax Law of 1896.  In my opinion the class of persons to whom such sales on Sunday may lawfully be made has not been enlarged by the recent legislation and it is not now permissible for a hotel keeper to sell to any person unless that person occupies towards his house the peculiar relation of guest; unless the purchaser has come to the hotel to receive that protection, hospitality and entertainment which inns have always afforded and which under the law they are obliged to afford to their guests.  A person strolling by the entrance of a hotel, who chances to turn in and buy a drink, does not thereby become, in my opinion, a guest within the meaning of the term in the Liquor Tax Law. Something more must take place; there must be an intention on his part to adopt the inn for the time being, whether long or short, as his abiding place; he must have come *infra hospitium* and be received by the innkeeper in the capacity of a guest and be considered more than a mere purchaser of liquors and cigars, which the innkeeper offers for sale to the general public indiscriminately in the same manner as they are offered for sale by any other person authorized to sell the same."

If a person occupies a room in a hotel in good faith for rest or lodging, or actually orders and obtains a meal, he would be a guest, and to such person the hotel keeper may sell intoxicating liquor under his license. But one who takes a room for a brief period for the sole purpose of procuring and drinking liquor is not a guest within the meaning of the statute, and if the proprietor knowingly permits him to occupy and use the room for such purpose he violates the law. One who goes to a hotel on the Sabbath and orders a meal not in good faith, not because he is hungry or wants anything to eat, but for the sole purpose of procuring and drinking intoxicating liquor to gratify a craving appetite, is not a guest within the meaning, because he does not order the meal in good faith, and if the proprietor of the hotel knows that the sole and only object in ordering the meal is to obtain intoxicating liquor, then he has no right to furnish it. (Matter of Kinzel v. Malone, 28 Misc. 622.) In a case where a hotel keeper sought to make it appear that everyone who procured a drink at his hotel on Sunday must become his guest by partaking of a *bona fide* sandwich at least, the Court says: "Let us give him the benefit of the doubt and assume that a real sandwich was served with each glass of beer. Do the facts then constitute the persons served guests within the meaning of the statute? Did they resort to the hotel during the hours when meals were regularly served therein for the purpose of obtaining in good faith a meal therein? We think not, but that the evidence shows that the serving of sandwiches under such circumstances was a mere pretext to evade the law. It is not serving a meal in good faith nor does it constitute the respondent the keeper of a *bona fide* hotel so as to entitle him to the protection of the exception contained in the law. The custom of trafficking in liquor on Sunday after the manner of the respondent is too clearly contrary to the express provisions of the statute to bear scrutiny and should not be countenanced." (Matter of Schuyler v. Rorphuro, 63 App. Div. 206. See, also, Cullinan v. Rorphuro, 93 App. Div. 200.) In a case where persons frequenting a hotel had ordered whiskey under circumstances from which the fact that they had not resorted to the hotel for the purpose of obtaining in good faith a meal therein should have been known, it was held to be a mere subterfuge to serve sandwiches with the liquor though paid for, and that even if the callers should be regarded as guests and the sandwich as a meal "the occurrence was nothing less than the selling of meals to the guests with their liquor; a palpable evasion of the letter and spirit of the law and a practical transposition of its express terms to accomplish such evasion, the sale of liquor being thus made the primary thing and the sale of the sandwich being secondary and incidental thereto." (Matter of Cullinan v. Young, 41 Misc. 3, aff'd 93 App. Div. 427.) In making the decision last mentioned the Court expressed the opinion that it was not the kind or quantity of food which necessarily determines what constitutes a meal, but

the circumstances under which it was sought and obtained. But where
a meal is apparently ordered in good faith and liquors are served while
it is in the course of preparation, a hotel proprietor might be excused
under the circumstances if his guests should surreptitiously leave the
premises before obtaining the meal. (Matter of Cullinan v. Hartman, 75
App. Div. 301; Matter of Cullinan v. Porges, 86 N. Y. Supp. 1046, aff'd
90 App. Div. 607.) It is so well established as to be elementary, that
the primary purpose of going to a hotel must not be to obtain liquor, and
that such purpose will not serve as a protection to the hotel keeper for
his Sunday sales, no matter how colored, disguised or concealed, pro-
vided only the courts can detect the real object and distinguish the mis-
representation of the devices which are employed in the attempt to cloak
and cover it. (Cullinan v. O'Connor, 100 App. Div. 142.)

*Social clubs.*—The right of a social club to enjoy the privilege con-
ferred by the statute upon certain organizations relative to traffic during
the usual prohibited hours must be pleaded in defense of an alleged un-
lawful sale of liquors and must be established by the claimant. (Matter
of Lyman v. Young Men's Cosmopolitan Club, 28 App. Div. 127; Cullinan
v. Trolley Club, 65 App. Div. 202; Cullinan v. Criterion Club, 39 Misc.
270, aff'd 86 App. Div. 626; Matter of Lyman v. True Friend Social and
Literary Circle, N. Y. L. J. Dec. 8, 1897.) An organization which origi-
nally may have been entitled to the benefit of this exception may lose it
if conducted in a disorderly manner or for the purpose of evading the
restrictive provisions of the Liquor Tax Law. (Matter of Lyman v.
Young Men's Cosmopolitan Club, 28 App. Div. 127; Matter of Lyman v.
Gramercy Club, 28 App. Div. 209; Matter of Lyman v. Erie Co. Athl.
Club, 46 App. Div. 387, aff'd 163 N. Y. 552.)

Where a steward of an unincorporated social club, upon the request of,
and on payment by a member delivers to a person not a member of the
club, liquor belonging to the club, this transaction constitutes a sale
within the statute forbidding a sale of liquor without a license. (People
v. Andrews, 115 N. Y. 427, rev'g and modifying 50 Hun, 591, 7 N. Y. Crim.
R. 314.) It was held that the furnishing of liquors by a social club to
its members at a fixed price was not a sale within the meaning of Chap.
401, Laws 1892. (People v. Adelphi Club, 149 N. Y. 5, 12 N. Y. Crim. 1.)