The People of the State of New York, Respondent, *v.* Patrick Crotty, Appellant.

*Liquor Tax Law — an indictment under, for selling liquor on Sunday — it need not negative exceptions in favor of a pharmacist or physician.*

An indictment for a violation of the Liquor Tax Law (Laws of 1896, chap. 112, § 31), which forbids the sale of liquor on Sunday by any corporation or person, need not negative the two exceptions contained in a subsequent clause of that section in favor of pharmacists and hotelkeepers.

Van Brunt, P. J., dissented.

Appeal by the defendant, Patrick Crotty, from a judgment of the Court of General Sessions of the Peace in and for the city and county of New York, rendered on the 18th day of February, 1897, convicting him of selling liquor on Sunday.

*Stephen J. O'Hare,* for the appellant.

*John D. Lindsay, Assistant District Attorney,* for the respondent.

INGRAHAM, J. :·

The defendant was indicted for a violation of section 31 of chapter 112 of the Laws of 1896, the Liquor Tax Law   By that section it is provided that " It shall not be lawful for any corporation, association, copartnership or person, whether having paid such tax or not, to sell, offer or expose for sale, or give away any liquor, on Sunday, or before five o'clock A. M. on Monday."   The indictment charged the defendant with having unlawfully sold to one Harvey D. Corey and to certain other persons whose names are unknown, liquor on the 13th day of August, 1896, the same being Sunday.

There was no demurrer to the indictment, nor did the defendant ask the court to advise the jury to acquit; but, after the conviction, the defendant moved for an arrest of judgment on the ground that the facts stated in the indictment did not constitute a crime.   It is now claimed that this motion in arrest of judgment should have been granted; as, to constitute a crime, the facts stated in the indictment should have negatived the two exceptions contained in the section of the statute before referred to.   The section contains the following provision after the provision before referred to : " But· the provisions of clauses ' a,' ' b,' ' c ' and ' d ' of this section are subject to two exceptions, as follows."   The first of these exceptions relates to a pharmacist, who may sell liquor upon the prescription of a physician; and the second to a holder of a liquor tax certificate who is keeper of a hotel, and who may sell liquor to the guests of the hotel with their meals, or in their rooms or apartments, but not in the barrooms or other similar rooms of the hotel.

Assuming that this objection to the indictment could be raised upon a motion in arrest of judgment, we do not think that the objection is well taken.   The statute expressly provides that it shall not be lawful for any corporation, etc., to sell, offer or expose for sale, or give away, any liquor on Sunday, and at various other times and places subsequently specified in the section.   These provisions are general.   They apply to all persons, whether they have paid a tax or not, and the exceptions relate only to persons engaged in two· particular occupations — a pharmacist and a hotelkeeper.

The rule is stated in the case of *Jefferson* v. *The People* (101 N. Y. 21) as follows : " It is no doubt a general rule that if a statute forbids the doing of any act, without the authority of either one of

two things, the indictment must negative the existence of both before it can be supported, and it is well settled that, if exceptions are stated in the enacting clause, it would be necessary to negative them in order that the description of the crime may correspond with the statute; but if there be an exception in a subsequent clause or subsequent statute, that is matter of defense and is to be shown by the defendant." Applying this rule, it is clear that the exception is not stated in the enacting clause. This clause makes it unlawful to sell, offer or expose for sale, or give away, any liquor on Sunday. The exception is contained in a subsequent clause, which allows persons engaged in the business of a pharmacist, or of hotelkeeper, under certain conditions, to sell liquor on Sunday. If the defendant sold the liquor, for the selling of which he was indicted, within either of the exceptions, it was a matter of defense, and was to be shown by him. (See, also, *Fleming* v. *The People*, 27 N. Y. 329.)

The other exceptions taken by the defendant do not require notice. There was no exception to any particular portion of the charge, and the general exception taken by the defendant presents no question for review.

We do not think the charge of the learned trial judge deprived the jury of the exclusive right to judge of and decide the questions of fact, nor do we think that there was any error upon the trial which requires us to reverse the judgment.

The claim of the defendant, that the statute imposes an excessive fine upon conviction, is clearly untenable.

The judgment appealed from should be affirmed.

Rumsey, Patterson and O'Brien, JJ., concurred; Van Brunt, P. J., dissented.

Van Brunt, P. J. (dissenting):

I dissent. The charge is in direct conflict with the rule laid down in the case of *McKenna* v. *The People* (81 N. Y. 360).

Judgment affirmed.