## PEOPLE v. CROTTY.

(Supreme Court, Appellate Division, First Department. November 12, 1897.)

1. ILLEGAL SALE OF LIQUOR—INDICTMENT.

An indictment under Laws 1896, c. 112, § 31, charging the defendant with unlawfully selling liquor on Sunday, need not negative the exceptions contained in a subsequent clause of the same section, relating to physicians and hotel keepers, but the fact that a sale is within those exceptions is matter of defense.

2. CONSTITUTIONAL LAW—EXCESSIVE FINES.

The liquor tax law (Laws 1896, c. 112) does not contravene the constitutional prohibition (Const. art. 1, § 5) against excessive fines.

3. TRIAL—INSTRUCTIONS.

Defendant was indicted for an unlawful sale of liquor on Sunday. At the trial the judge charged the jury that, if the defendant sold the beverage on the specified date, then he violated the law; and if they believed that, they should say so with a verdict of guilty; and also that the question was whether the admitted sale was made in good faith, with a meal;

and also that the judge could merely tell the jury the law, and they must pass on the question of guilt or innocence, and that the responsibility was on them. *Held*, that the charge did not deprive the jury of the exclusive right to judge of and decide the questions of fact.

Van Brunt, P. J., dissents.

Appeal from court of general sessions.

Patrick Crotty was convicted for an unlawful sale of liquors, and appeals. Affirmed.

Defendant was indicted for an unlawful sale of liquor on Sunday. At the trial the judge charged the jury that, if the defendant sold the beverage on the specified date, then he violated the law, and, if they believed that, they should say so with a verdict of guilty; and also that the question was whether the admitted sale was made in good faith, with a meal; and also that the judge could merely tell the jury the law, and they must pass on the question of guilt or innocence, and that the responsibility was on them.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Stephen J. O'Hare, for appellant.
John D. Lindsay, for the People.

INGRAHAM, J. The defendant was indicted for a violation of section 31 of chapter 112 of the Laws of 1896, the "Liquor Tax Law." By that section it is provided that "it shall not be lawful for any corporation, association, copartnership or person, whether having paid such tax or not, to sell, offer or expose for sale, or give away any liquor, on Sunday, or before five o'clock a. m., on Monday." The indictment charged the defendant with having unlawfully sold to one Harvey D. Corey, and to certain other persons whose names are unknown, liquor on the 13th day of August, 1896, the same being Sunday. There was no demurrer to the indictment, nor did the defendant ask the court to advise the jury to acquit; but, after the conviction, the defendant moved for an arrest of judgment on the ground that the facts stated in the indictment did not constitute a crime. It is now claimed that this motion in arrest of judgment should have been granted, as, to constitute a crime, the facts stated in the indictment should have negatived the two exceptions contained in the section of the statute before referred to. The section contains the following provision after the provision before referred to: "But the provisions of clauses a, b, c, and d of this section are subject to two exceptions, as follows." The first of these exceptions relates to a pharmacist, who may sell liquor upon the prescription of a physician; and the second to a holder of a liquor-tax certificate who is keeper of an hotel, and who may sell liquor to the guests of the hotel with their meals or in their rooms or apartments, but not in the barrooms or other similar rooms of the hotel. Assuming that this objection to the indictment could be raised upon a motion in arrest of judgment, we do not think that the objection is well taken. The statute expressly provides that it shall not be lawful for any corporation, etc., to sell, offer or expose for sale, or give away, any liquor on Sunday, and at various other times and places subsequently specified in the section. These provisions are general. They apply to all persons, whether they have paid

a tax or not, and the exceptions relate only to persons engaged in two particular occupations,—a pharmacist and an hotel keeper. The rule is stated in the case of People v. Jefferson, 101 N. Y. 21, 3 N. E. 798, as follows:

"It is no doubt a general rule that if a statute forbids the doing of any act, without the authority of either one of two things, the indictment must negative both before it can be supported; and it is well settled, if exceptions are stated in the enacting clause, it would be necessary to negative them in order that the description of the crime may correspond with the statute, but, if there be an exception in a subsequent clause or subsequent statute, that is matter of defense, and is to be shown by the defendant."

Applying this rule, it is clear that the exception is not stated in the enacting clause. This clause makes it unlawful to sell, offer or expose for sale, or give away, any liquor on Sunday. The exception is contained in a subsequent clause, which allows persons engaged in the business of a pharmacist, or of hotel keeper, under certain conditions, to sell liquor on Sunday. If the defendant sold the liquor, for the selling of which he was indicted, within either of the exceptions, it was a matter of defense, and was to be shown by him. See, also, Fleming v. People, 27 N. Y. 329. The other exceptions taken by the defendant do not require notice. There was no exception to any particular portion of the charge, and the general exception taken by the defendant presents no question for review. We do not think the charge of the learned trial judge deprived the jury of the exclusive right to judge of and decide the questions of fact, nor do we think that there was any error upon the trial which requires us to reverse the judgment. The claim of the defendant that the statute imposes an excessive fine upon conviction is clearly untenable. The judgment appealed from should be affirmed.

RUMSEY, PATTERSON, and O'BRIEN, JJ., concur.

VAN BRUNT, P. J. I dissent. The charge is in direct conflict with the rule laid down in the case of McKenna v. People, 81 N. Y. 360.