HENRY H. LYMAN, as Commissioner of Excise of the State of New York, Appellant, *v.* NICHOLAS SCHERMERHORN, Defendant, and FIDELITY AND DEPOSIT COMPANY OF MARY-LAND, Respondent.

LIQUOR TAX CERTIFICATE — WHEN SURETY UPON BOND GIVEN UPON APPLICATION THEREFOR NOT LIABLE FOR FALSE STATEMENT IN APPLI-CATION. A surety upon a bond, conditioned that the principal will not violate any of the provisions of the Liquor Tax Law, given upon an application for a liquor tax certificate which falsely states that the appli-cant had never been convicted of a felony, does not guarantee the truth of the statement, and in the absence of knowledge of its falsity when it executed the bond, is not liable for the acts of the principal who had been previously convicted of a felony, in selling liquor under the certificate, which at the election of the state was void *ab initio* under section 23 of the Liquor Tax Law, providing that no person who shall have been convicted of a felony shall traffic in liquor or be granted a liquor tax certificate, since such sales were, as to the surety, protected by the certificate until the assertion by the state of its invalidity.

*Lyman* v. *Schermerhorn*, 53 App. Div. 32, affirmed.

(Argued March 26, 1901; decided May 14, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered September 24, 1900, reversing upon the law a judgment in

favor of plaintiff entered upon a verdict directed by the court at a Trial Term, but expressly affirming the facts.

The nature of the action and the facts, so far as material, are stated in the opinion.

*P. W. Cullinan* for appellant.    The principal on the bond violated the Liquor Tax Law during the life of the liquor tax certificate, and the surety thereby became liable to pay the penalty of the bond.    (L. 1896, ch. 112, §§ 23, 34.)    A liquor tax certificate is only a receipt for money paid.    The right to traffic in liquors does not depend upon the certificate, but upon a compliance with the Liquor Tax Law.    (*People ex rel.* v. *Hilliard*, 28 App. Div. 142; *Scalzo* v. *Sackett*, 30 Misc. Rep. 543; *Niles* v. *Mathusa*, 162 N. Y. 546; *McNeeley* v. *Welz*, 166 N. Y. 124.)

*Frank H. Platt* and *James Russell Soley* for respondent. The bond never took effect, because the certificate was void when it was issued to Schermerhorn.    (L. 1896, ch. 112, § 23; *People ex rel.* v. *Higgins*, 151 N. Y. 570; *Toles* v. *Adee*, 84 N. Y. 222; *Haberstro* v. *Bedford*, 118 N. Y. 187; *Lyman* v. *Kane*, 57 App. Div. 549.)

LANDON, J.    The plaintiff recovered judgment for $700, the full penalty of a liquor traffic bond, made by Schermerhorn as principal and the respondent as surety under section 18 of the Liquor Tax Law, and filed April 28, 1898, by Schermerhorn with the county treasurer of Ulster county with his application under section 17 of the same law for a liquor tax certificate.    In this application Schermerhorn falsely stated that he had never been convicted of a felony.    Schermerhorn paid the liquor tax and the county treasurer issued to him a liquor tax certificate for one year from April 30, 1898.    In March, 1899, Schermerhorn sold liquor at the place named in the certificate to persons to be drunk upon the premises, and they drank the same thereon.

The bond recites that Schermerhorn is about to apply for a

liquor tax certificate, and its condition is " that if the liquor tax certificate applied for is given unto the said principal, and the principal will not, while the business for which such liquor tax certificate is given shall be carried on, *  *  * violate any of the provisions of the liquor tax law, *  *  * * " then it shall be void, otherwise of force.

Section 23 of the Liquor Tax Law provides that " no person who shall have been *  *  * convicted of felony *  *  * shall traffic in liquors or be granted a liquor tax certificate *  *  *." The recovery was had for a violation of this provision.

We assume that Schermerhorn had no right to traffic in liquor, either with or without a certificate ; his legal disqualification was complete, and could not be removed by the certificate. The false statement upon which he procured it overreached the certificate itself, and at the election of the state rendered it void *ab initio*.

If the surety had known when it executed the bond that Schermerhorn had been convicted of a felony, then complicity with him in intending to violate the law, and in his subsequent violation of it by trafficking in liquors, would be a natural inference, and equal liability with him upon the bond would follow. But the surety did not know that Schermerhorn had been convicted of a felony. It did not guarantee the truth of Schermerhorn's statement. The suretyship results not from the surety's participation in the principal's wrong, but from the state's acceptance of it as right. The county treasurer had jurisdiction to pass upon the application, accept the bond, and issue the liquor tax certificate. As between the state and the surety, both acting in good faith, the bond had its inception and validity because the county treasurer acted within his jurisdiction in issuing the certificate. It is obvious that the state might never obtain knowledge that Schermerhorn's statement was false, or, obtaining it, might never act upon it, and thus as between the state and the surety both bond and certificate would continue to be valid. So long as the state insists upon the validity of the bond, it acts

upon the truth of the application and the validity of the certificate.    Schermerhorn's traffic in liquor, here proved, was before the state asserted the falsity of the application and the invalidity of the certificate, and, therefore, as to the surety, the liquor tax certificate still protected such traffic.

Until either the state or surety takes some action with notice to the other that it elects to withdraw from the relation each has in good faith assumed to the other, that relation continues in the sense and meaning in which it was originally assumed.    When the state changes its position with regard to the certificate and to the qualification of the certificate holder to traffic in liquors, while it may punish the latter because of his false statement and his sales while disqualified, it cannot punish his surety without convicting it of complicity with him.    Such liability of the surety was not within the meaning or intent of the surety's obligation.    The surety had no intent to give a bond for a convicted felon, and the state had no intent to ask or receive such a bond.    The bond was given and received as for a person not disqualified.    The position of the surety is no worse than that of the state.    The surety did not pass upon the application, the county treasurer did, and the bond would have had no life or validity but for that officer's approval of the application; hence, when the state withdraws that approval and asserts that the certificate affords no protection to its holder, the bond which was given in consideration of such protection ceases to be supported by it. The application, certificate, and bond fall together.    Until the state changed its position, the bond was good and the certificate good, as to the surety.    Thus this sale of liquor in question was protected, and caused no breach of the surety's obligation.

The order should be affirmed, and judgment absolute ordered for the respondent defendant upon the stipulation, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, CULLEN and WERNER, JJ., concur.

Ordered accordingly.