(100 App. Div. 142)

CULLINAN, State Excise Com'r, v. O'CONNOR et al.

(Supreme Court, Appellate Division, Fourth Department. January 4, 1905.)

1. INTOXICATING LIQUORS—SUNDAY SALES—ACTION BY EXCISE COMMISSIONER —HOTEL KEEPERS—BURDEN OF PROOF.

In an action by the commissioner of excise on the bond taken on granting defendant a liquor tax certificate as a hotel keeper, where plaintiff's evidence shows, without contradiction, that on several occasions defendant, through his employés, sold liquor on Sunday, a prima facie case is established under the general prohibition against selling liquor on Sunday, and the burden is then on defendant to show that the sales

were within the exception of Liquor Tax Law (Laws 1896, p. 73, c. 112) § 31, providing that the keeper of a hotel may sell liquor to guests.

**2. SAME—DEFENSES.**

Liquor Tax Law (Laws 1896, p. 73, c. 112) § 31, excepts from the general prohibition against the sale of liquor on Sunday keepers of hotels who may sell liquor to guests, and defines a hotel as a building which, among other things, contains a certain number of bedrooms with certain requirements. *Held,* in an action by the commissioner of excise for the penalty for unlawful sale of liquor on Sunday, that it is no defense that an excise agent told defendant that his building was sufficient in its structure and conditions to enable him to conduct business as a hotel keeper and to bring him within the exception of the section.

**3. SAME—SUFFICIENCY OF EVIDENCE.**

Liquor Tax Law (Laws 1896, p. 73, c. 112) § 31, excepting from the prohibition against the sale of liquor on Sunday, sales by hotel keepers to guests, and defining a guest as, among other things, "a person who during the hours when meals are regularly served therein resorts to the hotel for the purpose of obtaining, and actually orders and obtains, at such time and in good faith, a meal therein." *Held,* in an action by the commissioner of excise for a penalty for Sunday liquor selling, that where the evidence showed that liquor was sold on Sunday to persons who announced as their essential purpose the desire to procure liquor, and did not desire a meal, a verdict for defendant was against the weight of evidence, though there was evidence that defendant's waiters insisted on serving with the liquor some trifling refreshments, which were carried away again untasted.

**4. SAME—QUESTIONS RAISED FOR THE FIRST TIME ON REVIEW.**

In an action by the excise commissioner on the bond taken on granting a liquor tax certificate as hotel keeper under Liquor Tax Law (Laws 1896, p. 73, c. 112) § 31, defendant cannot urge for the first time on review that the certificate and bond were void because of false statements in the application for the certificate showing compliance with regulations applicable to hotel buildings.

Appeal from Trial Term, Ontario County.

Action by Patrick W. Cullinan, as State Commissioner of Excise, against David O'Connor and the United States Guarantee Company. From a judgment dismissing the complaint and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Royal R. Scott, for appellant.

John H. Hicks and J. Frank Yawger, for respondents.

HISCOCK, J. This action was brought to recover the penalty of an undertaking executed by the defendants upon the granting of a liquor tax certificate to the defendant O'Connor as a hotel keeper. The guarantee company is surety. The important alleged violations appearing from the evidence for which recovery herein is sought by plaintiff are certain conceded sales of liquor made upon Sunday. The defense relied upon on the trial was that the licensee, being the holder of the aforesaid liquor tax certificate, and being the keeper of a hotel, made said sales to guests. The jury found a general verdict for the defendants, which we think was vitiated by errors both of fact and of law. The liquor tax certificate in question was duly issued under subdivision 1, § 11, of the liquor tax law (Laws 1896, p. 51, c. 112), upon the busi-

ness of trafficking in liquors to be drunk upon the premises where sold, "whether in a hotel, restaurant, saloon," etc. Section 31 of said law contains a general prohibition against the sale by any person having such a certificate of liquor upon Sunday. Such general provision is subsequently made subject to the exception that the holder of the liquor tax certificate "who is the keeper of a hotel may sell liquor to the guests of such hotel." The statute then defines a "hotel" as meaning a building which, amongst others, contains a certain number of bedrooms, with certain requirements. It also defines a "guest of a hotel," as, amongst other things, "a person who, during the hours when meals are regularly served therein, resorts to the hotel for the purpose of obtaining and actually orders and obtains at such time, in good faith, a meal therein." Plaintiff's evidence showed without contradiction that upon several occasions in his alleged hotel, after the undertaking in question was executed, defendant, through his servants and bartenders, sold liquor upon Sunday to excise agents. While it may not be very material upon the record presented to us, plaintiff thereby established a prima facie case under the general prohibition against selling liquor upon Sunday, and the burden was then imposed upon defendants to establish that the licensee came within the exception of the rule as the keeper of a hotel making said sales to guests, and it was error for the learned trial justice to hold otherwise. People v. Crotty, 22 App. Div. 77, 47 N. Y. Supp. 845; Cullinan v. Trolley Club, 65 App. Div. 202, 72 N. Y. Supp. 629. The evidence was so conclusive that at the time the sales were made the defendant O'Connor was not the keeper of a hotel which complied with the requirements of law that the trial justice in effect charged this proposition as a matter of law. There was a deficiency in the number of rooms, in the area of some of those which did exist, an insufficient thickness of partitions, failure of legal entrances to bedrooms, etc. The defendants, therefore, upon the facts, failed to bring themselves within the exception existing as to Sunday sales for the benefit of the keeper of a hotel complying with certain requirements.

Defendants, however, sought to protect themselves against prejudice or injury by reason of this failure upon the facts by showing that soon after the certificate was issued a special agent of the excise department told O'Connor, in substance, that his building was all right in its structure and conditions, and sufficiently complied with the statute, to enable him to conduct business. The jury were allowed to find, in effect, that, if this conversation did take place as claimed by defendants, the hotel keeper was excused for his shortcomings, and it must be assumed that by its verdict the jury did find in favor of the defendants. This proposition therefore involves the holding that a hotel keeper may be excused for a violation of the law if he can procure an agent to tell him that he has complied with the statute, when, as a matter of fact, he has not. We think that proper consideration without much argument must make it plain that this proposition neither ought to nor can prevail. The people of the state have enacted and are interested in the enforcement of the liquor tax law. They are the party which is entitled to punish violators of it. An excise agent has very limited powers, as compared with the great interests which the people have in

the proper enforcement of this law. His duties are quite strictly confined to detecting and reporting violations for proper punishment by the people through its commissioner. A hotel keeper must be charged with knowledge of the statutory provisions which govern his business. In this particular case, the violations consisted in physical deficiencies in the number, size, and equipment of rooms in his hotel. These were matters of very palpable observation, quite as plain to him as to any one else, and it seems to us that it would be quite a dangerous and radical application of the law of principal and agent if he and his surety could be allowed to excuse themselves to the people for plain shortcomings by virtue of an assurance of an excise agent that those conditions were right and lawful which anybody could see were not.

The counsel for the plaintiff sought to have the trial justice hold as a matter of law that the plaintiff was entitled to recover because undisputedly the defendants had failed to bring themselves within the exception permitting Sunday sales of liquor by showing that the licensee kept a legal hotel, and we think that the refusal so to do was error.

We pass next to the consideration of the second element essential to raise a valid exception to the general prohibition of Sunday sales, and which is that they must be made to guests of the hotel. The statute and the decisions thereunder make it apparent that, in order to be a guest through service of a meal, and to confer upon the hotel keeper the privilege of selling liquor upon Sunday, a person must resort to a place for the primary purpose of obtaining in good faith a meal. This purpose, when effectuated by the service upon the part of the hotel keeper of such meal, draws with it as an incidental and secondary matter the right to procure and serve liquor. It is so well established as to be elementary in this connection that the primary purpose of going to a hotel must not be to obtain liquor, and that such purpose will not serve as a protection to the hotel keeper for his Sunday sales, no matter how colored, disguised, or concealed, provided only the courts can detect the real object and distinguish the misrepresentation of the devices which are employed in the attempt to cloak and cover it. When the test of these principles is applied to all or some of the sales proved in this case, it is apparent that they do not comply with the law, or come within the exemption under the certificate. There is scarcely any dispute of the testimony given by the agents that they announced as their essential purpose the desire to procure liquor; that they did not desire any meal; and that, after the waiter had insisted in a perfunctory manner in serving with the liquor some trifling refreshments, the latter were carried away again undesired and untasted. The evidence shows that this operation was repeated over and over, so that the hotel keeper, charged with the knowledge and acts of his agents, must have understood perfectly well that the agents were trying to obtain liquor upon Sunday, and that the purported sale of meals was simply a delusion and a fraud employed for the purpose of an apparent compliance with the provisions of the statute while the same was being really violated. We think that the verdict of the jury upon this branch of the case in favor of the defendants, if not unsustained as a matter of law, was so clearly against the weight of evidence that it cannot be allowed to stand.

It remains to consider one defense which is urged upon this appeal, and which, if sustained, would relieve defendants from their difficulties already discussed. While the statute provides for the same tax and the same form of certificate to the applicant whether he is going to conduct a hotel or a saloon, it provides that, if he expects to conduct the former, his application shall contain various statements showing that his proposed hotel complies with the requirements of the statute. While the statute does not so provide in explicit words, it is perhaps the fair inference that a certificate shall not be issued to one whose building does not comply with such requirements. The licensee's application in this case contained statements showing necessary compliance with the regulations applicable to hotel buildings, and these were undoubtedly false. The defendants therefore urge upon this appeal, as we understand them, that the certificate issued upon this false statement was unauthorized and invalid, and the undertaking issued in connection therewith also invalid, and not a sufficient basis for this action. They especially cite in support of their contention the case of Lyman v. Schermerhorn, 167 N. Y. 113, 60 N. E. 324. In that case a certificate had been issued to an ex-convict, contrary to the express provisions of the statute. The plaintiff sought to recover against the defendant upon its undertaking as surety upon the ground that a certificate issued to such a person did not authorize sales of liquor. The court agreed with the proposition that said licensee could not make valid sales, although he held a certificate regular upon its face; but it further held that the plaintiff could not at the same time treat the certificate it had issued as invalid for the purpose of protecting sales and as valid for the purpose of sustaining the undertaking of the surety as a binding obligation; that the facts relied upon by the plaintiff when the latter elected so to treat them rendered the certificate void from the beginning, and the undertaking issued in connection therewith fell at the same time. We are not decided that the case at bar comes within the principles laid down in the Schermerhorn Case. It seems to us that there are features which may distinguish one action from the other, but at the present time we do not feel that the question is before us. The plaintiff, by his complaint, indicated no election to treat the certificate issued to O'Connor as invalid. He expressly recognized and relied upon the same, and alleged various violations of the law thereunder. The defendants accepted the charge thus made, and defended against the violations alleged, upon the theory that a valid certificate had been issued to the applicant to keep a hotel; that he had fully complied with the law, and that the sales charged against him, if made at all, were legally made under his certificate as the keeper of a hotel to guests. No suggestion is presented by the pleadings upon either side of any such contention or defense as is now urged upon our attention. Neither was any such question presented upon the trial of the action. We are unable to find anywhere in the record any indication of a trial of the action by the defendants upon any such theory. They sought to avoid any deficiencies in the construction of the hotel by urging the authority of the agent already referred to, and the question whether the liquor was sold to guests was tried and submitted to the jury as a matter of fact. Under these circumstances we do not think that the defendants are in a

position to now urge the defense suggested, even if it is well founded. These conclusions lead us to the decision that the judgment and order should be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event upon questions of law and fact. All concur.