In the Matter of the Petition of MAYNARD N. CLEMENT, as State Commissioner of Excise of the State of New York, Appellant, for an Order Revoking and Canceling Liquor Tax Certificate No. 5,411, Issued to HENRIETTA MARTIN, Respondent..

First Department, January 11, 1907.

**Intoxicating liquors — sale of liquors on Sunday — when sale by hotelkeeper not made to guest.**

In order to justify a hotelkeeper in selling liquor on Sunday it must appear that the person to whom the liquor is sold is one who in good faith occupies a room in the hotel, or who during the hours when meals were regularly served resorted to the hotel for the purpose of obtaining and actually orders and obtains at such time in good faith a meal.

The burden to show this is upon the hotelkeeper.

A hotelkeeper may serve liquor to a transient guest on Sunday, but the situation must be such as to indicate to a person of ordinary intelligence that the guest resorted to the hotel to obtain a meal in good faith and that the liquor was ordered as an incident to the meal and not that the object was to obtain liquor by ordering some article of food to accomplish that purpose.

When it appears that the defendant sold liquor on Sunday in a room annexed to the bar to persons who came and went, and that the only meals served consisted of sandwiches, served on a plate without knives or forks or any of the usual accessories of a meal, a finding that the defendant was actually serving guests with meals as distinguished from supplying customers with liquor cannot be sustained.

LAUGHLIN, J., dissented, with opinion.

APPEAL by the petitioner, Maynard N. Clement, as State Commissioner of Excise, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of September, 1906, denying the petitioner's motion to revoke and cancel liquor tax certificate No. 5,411, theretofore issued to Henrietta Martin, and also from a judgment for costs entered in said clerk's office on the 29th day of September, 1906.

*Herbert H. Kellogg,* for the appellant.

*P. A. McManus,* for the respondent.

First Department, January, 1907.    [Vol. 117.

INGRAHAM, J.:

This was a proceeding instituted by the State Commissioner of Excise to revoke a liquor tax certificate based upon a violation of the Liquor Tax Law by selling liquor on Sundays. The defendant interposed an answer to the petition, alleging that she was the keeper of a hotel and that the sales on Sunday were made at the time mentioned in the petition to guests of the hotel upon said premises, with meals, and not in the barroom, or other similar room. Upon the petition and answer a referee was appointed to take proof, and upon the evidence taken before the referee the motion was denied and the proceedings dismissed.

It appeared that special agents of the Excise Department went to the defendant's place of business, 299 Seventh avenue, in the city of New York, on June 10, 1906, and entered a sitting room at the rear of the barroom, which was furnished with tables; that two of these special agents ordered whisky and the others beer, which orders were served by the defendant and consumed on the premises; that the agents then paid for what they had received; that there were about fifteen people sitting at tables in the room, ordering and being served with drinks; that this room was connected with the street, the door to which was open, and was connected with the barroom by a narrow passage. These special agents testified that they neither ordered nor were served with any food at the time they ordered the drinks, but that there were some scraps of bread on a plate on the table; that neither of the agents partook of any of these scraps of bread, but that they were left on the table in the same condition as when the agents entered the room; that there were about nine tables in the room at which there were a number of people sitting; that there were none of the usual appliances of a restaurant or eating-house; there were no knives or forks, but each table had a plate on it with some kind of food on each plate; that at the table at which the special agents sat and were served with drinks there was but one plate.

The application for a liquor tax certificate was then introduced in evidence in which the applicant stated that the business to be carried on in connection with the liquor business was that of a hotel; that such hotel conformed to the laws, ordinances, rules and regulations relating to hotels and hotelkeepers and contained at

least ten bedrooms above the basement, exclusive of those occupied by the family and servants, and was properly furnished to accommodate lodgers. Upon this application a liquor tax certificate was issued to the applicant.

There was also evidence that on the 17th of June, 1906, special agents of the Excise Department went to these premises into the sitting room, by the side entrance, took a seat at a table and when the waiter came to'them ordered whisky; the waiter then asked them what they would have to eat, to which the agents replied, "nothing;" the waiter then told them they would have to order something, whereupon one of the agents told the waiter to bring in anything; the waiter then brought four glasses of whisky, four glasses · of water, and four sandwiches on four plates, for which the agents paid seventy cents for the whisky and twenty cents for the sandwiches; that none of the agents partook of any of the sandwiches, and they were left on the table where the waiter placed them, in, the same condition as they were when served; that other people were in the room, being served with whisky or beer; that there were none of the usual appliances for a meal on any of the tables; that people were coming and going all the time, and the witnesses saw no meals being served at any of these tables. The petitioner then admitted that the premises No. 299 Seventh avenue complied with the requirements of the Liquor Tax Law in respect to hotels.

On behalf of the defendant there was testimony to the effect that these special agents came into her place of business on June 10, 1906, sat down at a table and ordered four sandwiches, two whiskies and two beers and paid the bill to the waiter; that they were told they would have to order sandwiches in order to get anything to drink, and the sandwiches were brought to them before the liquor; that on June 17, 1906, the four agents entered the hotel and asked the waiter to bring them four sandwiches and that they then ordered four drinks of whisky. The waiter who served these special agents on June tenth testified that the men came into the room and asked for four corned beef sandwiches; that they then ordered two whiskies and two glasses of beer; that he charged them twenty cents for the sandwiches and thirty-five cents for the drinks; that afterwards they ordered four ten-cent cigars, which were also furnished. The same witness testified that on June

seventeenth the four agents again entered the room and asked the witness what he had to eat; that they ordered four corned beef sandwiches, which were served, and then ordered four whiskies; both the sandwiches and liquor they paid for.

- The sale of liquor on Sunday being conceded, the only question was whether the sale was allowed by section 31 of the Liquor Tax Law (Laws of 1896, chap. 112, as amd. by Laws of 1903, chap. 486). That section provides that "It shall not be lawful for any person, whether having paid such tax or not, to sell, offer or expose for sale, or give away any liquor: a. On Sunday; or before five o'clock in the morning on Monday. * * * The holder of a liquor tax certificate under subdivision one of section eleven of this act who is the keeper of a hotel, may sell liquor to the guests of such hotel, * * * with their meals, or in their rooms therein * * *; and the term 'hotel' as used in this act shall mean a building regularly used and kept open as such for the feeding and lodging of guests, where all who conduct themselves properly and who are able and ready to pay for their entertainment, are received if there be accommodations for them, and who, without any stipulated engagement as to the duration of their stay, or as to the rate of compensation, are, while there, supplied, at a reasonable charge, with their meals, lodgings, refreshment and such service and attention as are necessarily incident to the use of the place as a temporary home, and in which the only other dwellers shall be the family and servants of the hotel keeper. * * * A guest of a hotel, within the meaning of this exception to section thirty-one of this act, is: 1. A person who in good faith occupies a room in a hotel * * *; or, 2. A person who, during the hours when meals are regularly served therein, resorts to the hotel for the purpose of obtaining and actually orders and obtains at such time, in good faith, a meal therein."

To justify a holder of a liquor tax certificate, therefore, in selling liquor on Sunday, it must appear that the person to whom the liquor was sold was one who, in good faith, occupied a room in the hotel, or a person who, during the hours when meals are regularly served therein, resorts to the hotel for the purpose of obtaining and actually orders and obtains at such time, in good faith, a meal therein. It is settled that when it is established that liquor was sold upon

Sunday by a person holding a liquor tax certificate, the holder of the certificate must establish that the person furnished with liquor is a guest of the hotel. (*People* v. *Crotty*, 22 App. Div. 77; *Cullinan* v. *O'Connor*, 100 id. 142.) It must, therefore, appear that the person to whom the liquor was sold was a person who, " during the hours when meals are regularly served therein, resorts to the hotel for the purpose of obtaining and actually orders and obtains at such time, in good faith, a meal therein."

The testimony of the defendant does not make these persons to whom the liquor was served on June tenth and seventeenth guests of the hotel within this provision of the statute. There was no evidence that at the time these persons were served " meals (were) regularly served " in this place, or that these persons went to this place for the purpose of obtaining, in good faith, a meal. While the defendant was justified in acting upon appearances, and if, from the surrounding circumstances, the person to whom this liquor was served apparently in good faith ordered a meal, and with it, and as a part of the meal, the liquor that was furnished, the defendant would be within the exception provided for by this section of the statute. The question in each case is one of fact to be determined upon the evidence. In this case none of the usual accessories with which meals are served were in use, and there was nothing to indicate that meals were being served to the guests of the hotel.

It is quite impossible to lay down any hard and fast rule as to what shall constitute a meal. As was said in *Matter of Cullinan, Young Certificate* (93 App. Div. 427) : " There can be no reasonable doubt that under some circumstances a sandwich and a drink of whisky or other beverage constitute a meal. * * * We apprehend, under the liberal construction to which a revenue measure is entitled, and considering the forfeiture which is worked by a violation of the provisions of the statute, that it is not the duty of the respondent to inquire diligently into the motives which actuate those who frequent his premises. He has a right, in the absence of knowledge to the contrary, to assume that one who comes into his place and orders a sandwich or any other article of food, does so because he desires the nourishment which it affords, and if a single sandwich satisfies the desires of the person, it constitutes a meal, and the keeper of a hotel has the right to serve liquors to him with such

First Department, January, 1907.          [Vol. 117.

meal." In *Cullinan* v. *O'Connor* (100 App. Div. 142) it was said: "The statute and the decisions thereunder make it apparent that in order to be a guest through service of a meal and to confer upon the hotelkeeper the privilege of selling liquor upon Sunday, a person must resort to a place for the primary purpose of obtaining in good faith a meal. This purpose, when effectuated by the service upon the part of the hotelkeeper of such meal, draws with it as an incidental and secondary matter the right to procure and serve liquor. It is so well established as to be elementary in this connection that the primary purpose of going to a hotel must not be to obtain liquor, and that such purpose will not serve as a protection to the hotelkeeper for his Sunday sales, no matter how colored, disguised or concealed, provided only the courts can detect the real object and distinguish the misrepresentation of the devices which are employed in the attempt to cloak and cover it."

But to justify the proprietor of a hotel in furnishing to a transient guest liquor upon Sunday, the situation must be such as to indicate to a person of ordinary intelligence that the guest had resorted to the establishment to obtain, in good faith, a meal, and that the liquor he ordered was an incident to that meal; not that the object was to obtain liquor, ordering some article of food which was not consumed to accomplish that purpose. It is the obtaining of the meal in good faith which authorizes the hotelkeeper, as a part of that meal, to furnish liquor, and not the ordering of a small portion of food for the purpose of so coloring the transaction that the liquor can be obtained without the meal. Thus the statute expressly requires that to constitute a person a guest it must appear that he resorted to the hotel for the purpose of obtaining a meal during the hours when meals were regularly served therein, and "actually orders and obtains at such time, in good faith, a meal therein." The statute thus requires good faith on the part of the person who is served in a hotel with liquor on Sunday, and the circumstances must be such that the hotelkeeper is justified in assuming that a person resorting to his establishment does so for the purpose of obtaining, in good faith, a meal. Merely supplying an article of food with the liquor that is ordered, standing alone, does not justify the hotelkeeper in furnishing liquor. We think it conclusively appears in this case, from the circumstances surrounding the whole

transaction and the absence of evidence that, at the time this liquor was furnished, the hotel was actually serving its guests with meals, as distinguished from supplying its customers with liquor, that the finding of the Special Term that the defendant was authorized on these days to supply persons frequenting the place with liquor cannot be sustained.

It follows, therefore, that the judgment and order appealed from must be reversed, with ten dollars costs and disbursements, and the motion to revoke the liquor tax certificate granted, with ten dollars costs.

PATTERSON, P. J., CLARKE and SCOTT, JJ., concurred; LAUGHLIN, J., dissented.

LAUGHLIN, J. (dissenting):

I agree with Mr. Justice INGRAHAM in his construction of the law, but I think the evidence fairly sustains the finding that the law was not violated, and that, therefore, the order should be affirmed.

With respect to the alleged violation of the tenth day of June, the respondent showed by six witnesses, three of whom appear to have been disinterested, that the special agents first ordered sandwiches, and were served with the sandwiches before they were served with the drinks. Where a party who has not a room in the hotel enters the eating room of a hotel on Sunday and first asks for food, and in connection with it asks for liquid refreshments, I think the proprietor, in the absence of other evidence of the purpose of the visit, is justified in assuming that the primary purpose is to obtain something to eat. Since it has been decided that a sandwich may constitute a meal, I think it is immaterial that the sandwich, after having been ordered first, is not eaten. It is not improbable that a man may think he has an appetite, and find when the food is placed before him that he has not; that cannot affect his original order for food upon which the proprietor was justified in acting.

With respect to the alleged violation on the seventeenth day of June, the respondent showed by five witnesses that the special agents first asked for four sandwiches, and that the sandwiches were served before the drinks were brought to the table.

I am of opinion also that the fair inference is that the room in

which the sandwiches and drinks were served was the regular dining room of the hotel. The concession that the premises conformed to the law with respect to the requirements of a hotel was a concession that there was such a dining room properly equipped with suitable tables, furniture and accommodations, and kitchen conveniences for cooking. (Liquor Tax Law [Laws of 1896, chap. 112] § 31, subd. 2, as amd. by Laws of 1903, chap. 486.) I think the respondent, in view of this concession, was led to believe that the concession was with respect to this particular room as the dining room, and that she was justified in believing that the issue to be tried was whether drinks were served without a meal, and to that point alone the further evidence was addressed. The statute does not assume to prescribe the hours during which meals may be served in a hotel.

Another fact which tends to show that it is improbable that the law was violated on these occasions is that the special agents were recognized as such by the employees of the respondent before their orders were taken. No hotel proprietor will be secure in his liquor tax certificate unless his right thereto may be sustained on the testimony of his employees, corroborated in a manner to satisfy the conscience of the court, that the complainants on entering the dining room manifested that their primary purpose was to obtain food by first ordering something to eat.

Judgment and order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Order filed.