(91 Misc. Rep. 89)

FARLEY, Excise Com'r, v. O'BRIEN et al.

(Supreme Court, Trial Term, Saratoga County. June, 1915.)

1. INTOXICATING LIQUORS ☞71—LICENSES—ELIGIBLE PLACES.

Under Liquor Tax Law (Consol. Laws, c. 34) § 15, subd. 3, as amended by Laws 1913, c. 168, requiring an applicant for a liquor tax certificate to state whether a notice of abandonment of the premises has been filed, and section 17, requiring the county treasurer to issue a liquor tax certificate unless such a notice has been filed, in which case the application shall be refused, a county treasurer must refuse such an application, where notice of abandonment has been filed, whether valid or not.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 71, 72; Dec. Dig. ☞71.]

2. INTOXICATING LIQUORS ☞69—LICENSES—APPLICATION—AUTHORITY OF COUNTY TREASURER.

In the issuance of liquor tax certificates the county treasurer is bound only by such statements in the application therefor as are required or permitted by statute, and on which the right to issue a certificate depends.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 70, 73; Dec. Dig. ☞69.]

3. INTOXICATING LIQUORS ☞82—LICENSES—VALIDITY.

A liquor tax certificate, issued upon an application which showed on its face that a notice of abandonment had been filed, was void ab initio; and hence the bond accompanying such certificate was without consideration.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 85–95; Dec. Dig. ☞82.]

Action by William W. Farley, as Excise Commissioner, against Michael W. O'Brien and another. On motions for a directed verdict. Judgment for defendants.

A. M. Sperry, of Albany, for plaintiff.
Salisbury & Halter, of Albany, for defendant American Surety Co.

VAN KIRK, J. At the close of the evidence each party moved for the direction of a verdict, and the case was left with the court for decision. I find that all the material allegations of the complaint

<hr>

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in paragraphs 1 to 11, inclusive, are established. The complaint alleges that the bond was conditioned that O'Brien would not violate any of the provisions of the Liquor Tax Law. I recall no proof that O'Brien ever posted his certificate, or attempted to traffic in liquors upon the premises, and there is no proof that the particular condition of the bond recited in the complaint was violated. But the complaint has a copy of the bond attached and made a part thereof. It contains the condition that:

"There is no material false statement in the application statement for said liquor tax certificate."

In the application of defendant O'Brien, statement 34 is as follows:

"Has a notice of abandonment of such traffic at said premises, pursuant to the provisions of section 8 of the Liquor Tax Law, been heretofore filed? Ans. Yes.

"If 'Yes,' give the date of the filing of the last such notice, the name of the person executing the same, the location of each of the premises described therein, and under which subdivision of section 8 such notice was filed. Also state whether such notice remains in force or has become null and void. Ans. August 29, 1913; Lloyd J. Eagan, 220 Railroad Street, Mechanicville, N. Y. 222 Park Avenue, Mechanicville, N. Y. One; is null and void."

This latter statement, "Is null and void," is false. The bond was correct and sufficient. The application statement was fair and sufficient on its face, and no question arises except in connection with the last answers of statement 34. The required tax was paid. In Mechanicville the ratio of population to the number of certificates like this one issued is less than 750 to 1.

[1] Section 15, subdivision 3, of the Liquor Tax Law, as amended by Laws 1913, c. 168, requires that the applicant shall state whether or not there has been filed with the certificate of the issuing officer a notice of abandonment pursuant to the provisions of subdivision 9 or 10 of this chapter, etc. There is no express provision in the statute authorizing or permitting the applicant to state whether or not the notice of abandonment is null and void.

Section 17 of the Liquor Tax Law provides, where the application provided for in section 15 is found to be correct in form and does not show on the face thereof that the applicant is prohibited from trafficking in liquors under the subdivisions of section 8, under which he applies, nor at the place where the traffic is to be carried on, and the bond required by section 16 is found to be correct as to its form, and its sureties thereon are approved as sufficient by the county treasurer, then, upon the payment of the taxes levied under section 8 of this chapter:

"The county treasurer of the county * * * shall * * * at once prepare and issue * * * a liquor tax certificate in the form provided for in this chapter, * * * unless it shall appear by a notice duly filed with the certificate issuing officer pursuant to the provisions of subdivision 9 or 10 of section 8 of this chapter that such traffic has been abandoned at the premises described in the application statement, * * * in which case the application shall be refused."

The notice of abandonment in proper form being at the time on file in the county treasurer's office, he was required by this statute to

refuse the application.   Brown v. Jones, 89 Misc. Rep. 538, 152 N. Y. Supp. 571.   The act of the county treasurer is not discretionary; it is purely ministerial.   People v. Hilliard, 28 App. Div. 140, 50 N. Y. Supp. 909; People v. Masterman, 209 N. Y. 184, 102 N. E. 553.   The statement that the notice of abandonment "is null and void" was valueless.   The statement is false, but is not material, because it cannot, whether true or false, affect the authority to issue a certificate.

[2] While the county treasurer is bound by the statements in the application, he is bound by such statements only as are required or permitted by the statute and on which the right to issue a certificate depends; and he is not empowered to determine questions of fact. He may not determine, for example, the question as to who is in possession of the premises.   People v. Masterman, 209 N. Y. 185, 102 N. E. 553.   The contents of the application and the right to issue a certificate thereon are fixed absolutely by statute.   There is no authority for inserting in the application blanks an inquiry on this subject.   The applicant cannot be permitted to make unauthorized statements for the purpose of avoiding a prohibitive provision in the statute, to the end that the county treasurer may rely upon such statements and issue the certificate.   Where a question of fact, outside the facts required by statute to be stated in the application, must be determined, the statute furnishes the means.   Section 27 of the Liquor Tax Law provides for a certiorari upon refusal to issue a certificate by the issuing officer and a review by the court.   On the facts stated in this application the county treasurer should have refused to issue the certificate, and left the applicant O'Brien to seek relief in the court, where the question whether or not the certificate was null and void could be reviewed.   See People v. Hamilton, 42 App. Div. 212, 59 N. Y. Supp. 943; Matter of Barnard, 48 App. Div. 423, 63 N. Y. Supp. 255.

[3] The certificate was void ab initio.   In Lyman v. Schermerhorn, 167 N. Y. 113, 60 N. E. 324, the condition of the bond was that the principal will not "violate any of the provisions of the Liquor Tax Law."   The Liquor Tax Law provided:

"No person who shall have been convicted of a felony shall traffic in liquors or be granted a liquor tax certificate."

In the application Schermerhorn falsely stated that he had never been convicted of a felony.   Judge Landon, speaking for the court, held, assuming that Schermerhorn had no right to traffic in liquor, either with or without a certificate, his legal disqualification was complete and could not be removed by the certificate.   The false statement, upon which he procured it, overreached the certificate itself, and, at the election of the state, rendered it void ab initio.   In the report in that case it does not appear that there was a condition in the bond that there were no material false statements in the application; but it is a holding that, where a certificate is procured upon a material false statement, and the applicant is legally disqualified (in fact), the certificate is, at the election of the state, void ab initio.   The same must be held if the premises are in fact legally "disqualified" to be certificated, as in this case.

Farley v. Scherno, 208 N. Y. 269, 101 N. E. 891, 47 L. R. A. (N. S.) 1031, is an action on the bond accompanying a liquor tax certificate issued for premises which formed part of the military reservation at the Plattsburg Barracks. One ground on which a breach of the condition of the bond was claimed was a material false statement in the application. The bond contained the same condition as does the bond in this case at bar. Dissentining opinion. The false statement was that the premises belonged to the applicant's wife, and that he might legally carry on a traffic in liquors thereon. The statute required the statement. Dissenting opinion. It was a material false statement. Yet it was held that, because the state had no power to license the traffic in liquors upon premises belonging to the United States, the liquor tax certificate was a nullity, furnished no consideration for the bond, and there could be no recovery.

Under the facts in this case, and under the statute, no power or authority existed to issue a certificate for 220 Railroad street. The bond is without consideration. Also the false statement is not material. It overreached the statute. No other condition of the bond is claimed to have been violated.

There can be no recovery on this bond. Ordered accordingly.