THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ROLLIN J. WYMAN, Respondent.

Fourth Department, May 8, 1929.

*Lafay C. Wilkie*, for the appellant.

*Brendel, Bagot & Magoffin* [*James A. Magoffin* of counsel], for the respondent.

CROUCH, J. Defendant manufactured and sold a food product (Farms and Markets Law, § 2, subd. 4; now known as Agriculture and Markets Law, as amd. by Laws of 1927, chap. 207; since amd. by Laws of 1929, chap. 207) put up in bottles bearing a label printed in three lines:

" CHERRY SODA
" Artificial Flavor and Color
" CONTENTS, 1 PT. 8 FL. OZ."

The words " Artificial Flavor and Color," while clearly legible, were but one-third the size of the words " Cherry Soda," and about one-half the size of the words, " Contents, 1 Pt. 8 Fl. Oz." The State sues to recover a penalty for misbranding, in that (a) the article so labeled was an imitation of another article; (b) was offered for sale under the distinctive name of another article; and (c) the label bore a statement regarding such article which was false and misleading.

The learned trial judge was of the opinion that the case turned on the question of fact whether the ordinary man would be deceived or was likely to be deceived by the label. The jury was instructed that if they found " this label is of such a nature that it would convey to the ordinary intelligent purchaser the thought that there was a cherry compound," then their verdict should be for the plaintiff; otherwise for the defendant. The verdict was for the defendant. It is not necessary to determine whether this question was properly submitted as one of fact. Regardless of whether the label bore a statement regarding the article which was false and misleading, a verdict should have been directed for plaintiff under the other charges of misbranding contained in the complaint.

" Cherry soda " is the distinctive name of a mixture consisting of a soda base, which is a sugar syrup, together with carbonated water and natural cherry fruit flavor. There may or may not be

added thereto some organic acid. The article in question here did not contain any natural juice of the cherry. It was, therefore, an imitation of another article. Likewise, defendant's article was offered for sale under the distinctive name of another article. Both of those matters constitute misbranding under the provisions of section 200, subdivision 1, of the Farms and Markets Law (now known as Agriculture and Markets Law), unless they fall within the exceptions of section 201 of the same law. Clearly the article here does not fall within subdivision 1 of section 201. It did not go under a distinctive name of its own; it was an imitation of another article; and it was offered for sale under the distinctive name of another article. It is equally clear that the label attached to it was not adequate to bring the article within the exception of subdivision 2 of section 201. If we assume that the word "artificial" was sufficient to indicate that the article was an imitation, nevertheless the label contained nothing to show its character and constituents. It was not necessary for the complaint, which charged misbranding in the language of section 200, subdivision 1, to negative the exceptions contained in section 201. (*People* v. *Crotty*, 22 App. Div. 77.)

The judgment should be reversed on the law, with costs, and judgment for plaintiff directed, with costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the law, with costs, and judgment directed for the plaintiff, with costs.